BAILEY *v.* CARTER.

4-8117                                    200 S. W. 2d 313

Opinion delivered March 24, 1947.

*John R. Thompson* and *Bailey & Warren,* for appellant.

*Buzbee, Harrison & Wright,* for appellee.

HOLT, J. Appellant, Carl E. Bailey, in September, 1945, had prepared by a firm of Little Rock architects. complete plans and specifications for a business building which he contemplated erecting in North Little Rock. Mr. Eichenbaum, one of the members of the firm of architects, submitted these copies of the plans and specifications to a number of building contractors, including the appellee, Carter Contracting Company, with an invitation to each to submit a sealed bid for the construction of the proposed building. These invitations to the contractors to bid were based upon the plans and specifications, contract documents and information contained therein, and provided that all bids were to be received in sealed envelopes and opened at 2 o'clock p. m., October 9, 1945, by appellant. The invitations to the bidders contained in the specifications the following restriction:

"No modifications of bids already submitted will be considered unless such modifications are received prior to the hour set for opening."

The sealed bid of appellee, Carter Contracting Company, was mailed to appellant on October 8th, and received by him in the morning of October 9th. Accompanying this bid was a bid bond executed by appellee, Central Surety & Insurance Corporation of Kansas City, Mo., in the amount of 5% of the bidder's proposal or bid, which was received in lieu of a cash deposit to secure the bid.

In the specifications upon which bids were made was the following provision: "CERTIFIED CHECK OR BID BOND: Bidders are required to use the proposal form attached to and made a part of the contract documents. Each proposal must be accompanied by a certified check, cashier's check, or bid bond acceptable to the owner in an amount equal to at least 5% of the proposal, payable without condition to the owner as a guarantee that the bidder if awarded the contract will promptly execute such contract in accordance with the proposal and in manner and form required by the contract documents, and will furnish good and sufficient bond for the faithful performance of the same. The bid security of the three lowest bidders will be retained until the contract is awarded or other disposition is made thereof. The bid security of all bidders except the three lowest will be returned promptly after the canvass of bids."

At 2 o'clock, October 9th, all bidders, with the exception of appellee, Carter Contracting Company, assembled in Mr. Bailey's office where the bids were opened as provided in the notice and invitation to bid. The bid of the Carter Contracting Company in the amount of $31,700 was lowest, whereupon appellant announced to the bidders present his acceptance and award of this bid to the Carter Contracting Company, whereupon the unsuccessful bidders or contractors took their respective bids and departed.

On October 10th, the day following the opening of the bids, Mr. Eichenbaum, one of the architects, received

the following telegram from Forrest City, Arkansas, signed by appellee, Carter Contracting Company: "Raise our Bid Carl Bailey Building Twenty Eight Hundred Dollars." This message was marked "October 9th, 7:30 p. m."

There was dispute as to whether the Carter Contracting Company was notified by Mr. Eichenbaum the afternoon of the 9th after the bids were opened or on the morning of the 10th (after the receipt of the telegram) that its bid had been accepted as the low bid.

Some days later, the Carter Contracting Company, through its Mr. V. N. Carter, a member of the company, after his return from Forrest City, conferred with appellant and refused to execute the contract to construct the building on its bid of $31,700, but offered to execute the contract for the sum of $34,500, the amount of its sealed bid plus $2,800. Appellant refused to accept the modification and made demand for the penalty of 5%, amounting to $1,585, set forth in appellee's proposal and as provided in the bid bond of appellees hereinafter referred to.

Upon appellee's refusal to comply with appellant's demand for the penalty as liquidated damages, the present suit was instituted, which resulted in a verdict in favor of appellees. This appeal followed.

The material facts are undisputed. It was the theory of appellees below, and the theory upon which the cause appears to have been submitted to the jury, that before Mr. Bailey could recover, he must not only show that he opened the sealed bid or offer and accepted and awarded same at the hour specified, but that he must go further and show that thereafter such acceptance on the part of Mr. Bailey was communicated to the Carter Contracting Company, and before the receipt by Mr. Bailey of the modification telegram, *supra.*

It was appellant's contention that when he opened the sealed bids at the appointed hour in the presence of the bidders present and immediately announced to them that appellee, Carter Contracting Company, was the low

bidder and that the award of the contract would be made to it, the Carter Company bid then became irrevocable and it became bound to execute a contract to carry out the award made to it for the construction of the building in question on its bid of $31,700, regardless of the telegram which was not received until after the bids were opened.

It is our view that appellant's contention is correct and must be sustained and on the undisputed facts here, the trial court erred in refusing to give appellant's request for an instructed verdict in his favor.

The proposal of the Carter Contracting Company above referred to to make a contract to construct the building for $31,700 is as follows: "CARL BAILEY COMPANY, North Little Rock, Arkansas, Gentlemen: The undersigned, in compliance with your invitation for bids for general construction, including plumbing and heating for a building to be erected in North Little Rock, Arkansas, having examined the plans and specifications with related documents and the site of the proposed work, and being familiar with all the conditions surrounding the construction of the project, hereby propose to furnish all labor, materials, and supplies, and to construct the project in accordance with contract document, within the time set forth herein, and the prices stated below. These prices are to cover all expenses incurred in performing the work required under the Contract Documents, of which this proposal is a part.

"We acknowledge the receipt of the following addenda: One (1), Two (2) and Three (3). PROPOSAL: For all work described in the specifications for the general construction, including plumbing and heating, for a building to be erected in North Little Rock, Arkansas, and shown on the plans for same, we agree to perform all the work for the sum of Thirty-One thousand seven hundred & No/100 Dollars ($31,700). We propose to complete all of the work under this contract in 150 consecutive calendar days, from and including the date of 'Notice to Proceed.'

"Upon receipt of notice of acceptance of this bid, we will execute the formal contract attached within ten days, and will deliver a Surety Bond for the faithful performance of this contract. The bid security attached, without endorsement in the sum of 5% of proposal, is to become the property of Carl Bailey Company, North Little Rock, Arkansas, in the event the contract and bond are not executed within the time above set forth, as liquidated damages for the delay and additional work caused thereby. Respectfully submitted, CARTER CONTRACTING COMPANY, By V. N. Carter (Signed) Partner. Arkansas License No. 24. Phone Forrest City No. 497."

The "bid security attached" to the proposal in the form of a "bid bond" contained the following provision: "The conditions of this obligation are such, that if any awards made by said obligee to the above bounded principal under a public invitation for construction of building on East Broadway, North Little Rock, Arkansas, shall be accepted by said principal and said principal shall enter into a contract for the completion of said work, and give Bond with the Central Surety & Insurance Corporation, as surety, or with other surety or sureties to be approved by the obligee, for the faithful performance thereof, then this obligation shall be null and void; otherwise to remain in full force and effect."

As we interpret this provision of the bid bond, it means that the Central Surety & Insurance Corporation became bound at the time the obligee, Mr. Bailey, opened the bids and announced the award to the successful or low bidder, to the bidders present, to pay the penalty of 5%, in the event the Carter Company failed to enter into a contract to construct the building for the amount of its bid, which bid among other things, provided that "no modifications of bids already submitted will be considered unless such modifications are received prior to the hour set for opening." The telegram came too late to constitute a modification.

The obvious purpose behind the submission of sealed, written bids is to induce bidding contractors to submit the lowest possible bid without any knowledge as to the

amount that other contractors might bid. Unless sealed bids are held to be irrevocable after they are opened and the low bidder announced, then certain it is that the customary procedure followed by builders, as in the instant case, in calling for written, sealed bids and accompanied by security, would be a vain and futile thing.

Carter had the right at any time before the bids were opened to modify or withdraw his bid, but he was required to do so before they were opened. The opening of the bids in the presence of the other bidders and the ascertainment and declaration by Mr. Bailey that the Carter Company had been the lowest and had been accepted as such, constituted an award and any modification of the bid that Carter thereafter made came too late. It is undisputed that Carter's telegram was not sent or delivered until after the bids were opened and Carter's bid accepted and the award made to him.

The general rule announced in 43 Amer. Jur., Title Public Works and Contracts, § 62, p. 804, is in this language: "As a general rule, at law a bidder for a public contract cannot, in the absence of special circumstances, either withdraw his bid or proposal or recover the deposit made, pursuant to the requirements of the advertisement for bids, at the time of the submission of his bid, although in equity the bidder will be protected where it would be inequitable to compel him to perform the contract or forfeit the deposit in the case of his refusal or failure to perform, and there are numerous exceptions and qualifications to the rule at law."

In *Northeastern Construction Company et al* v. *City of Winston-Salem*, 83 Fed. 2d 57, 104 A. L. R. 1142, referring to the general rule, the court said: "The weight of authority is to the effect that bids of this nature are irrevocable and cannot be withdrawn, especially after the opening of the bids. Note in L. R. A. 1915A, 225."

Appellees did not ask for a transfer of this case to chancery court, so as to be afforded forum in which it could assert an equitable defense, based on the alleged

mistake in the calculation of its bid; but, if it had properly asserted such a defense, the showing made by it was not sufficient to entitle it to such relief. Such was the effect of the decision in the case of *William M. Crilly* v. *The Board of Education of the City of Chicago,* 54 Ill., App. 371, which we think sound.

For the error indicated, the judgment is reversed, and judgment will be entered here in appellant's favor for the amount sued for, $1,585, with interest and costs.