REYNOLDS *v.* TEXARKANA CONSTRUCTION Co.

5-3144                                        374 S. W. 2d 818

Opinion delivered January 27, 1964.

[Rehearing denied Feb. 24, 1964.]

*Sexton & Morgan,* for appellant.

*Shaw, Jones & Shaw,* for appellee.

GEORGE ROSE SMITH, J. This is an action for breach of contract brought by the appellee, Texarkana Construction Company, Inc., a general contractor. Texarkana was the successful bidder upon a school construction job at Fort Smith. Before bidding for the job Texarkana had first obtained bids from several electrical contractors for the electrical work involved. The appellant Reynolds was the low bidder for the electrical subcontract. Texarkana relied upon Reynolds' figures in computing its own bid for the principal contract.

Before the principal bids were opened Reynolds discovered that he had made a serious error in bidding for the subcontract, in that he had overlooked the cost of the fixtures that were required. There is some dispute in the testimony, but the circuit court, sitting without a jury, was justified in finding that the Reynolds bid was not so low as to put Texarkana on notice that a mistake had been made, that Reynolds failed to withdraw his offer until two days after the principal bids were opened, and that after the bids were opened it was too late for Texarkana to avoid entering into the principal contract upon the terms stated in its own low bid. See *Bailey* v. *Carter,* 211 Ark. 369, 200 S. W. 2d 313.

Upon Reynolds' refusal to perform the subcontract Texarkana was compelled to employ another electrical contractor at a figure that was $4,997.20 in excess of the Reynolds bid. This appeal is from a judgment awarding Texarkana damages in the sum just stated.

Reynolds contends that he was not bound by his offer to undertake the subcontract, for the reason that he received no consideration for the offer and in fact withdrew it before having been notified of Texarkana's acceptance.

In this situation, despite the absence of a formal acceptance, the offer by Reynolds became binding under the principle of promissory estoppel. "A promise

which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.'' Rest., Contracts, § 90. We approved this doctrine in *Peoples Nat. Bk. of Little Rock* v. *Linebarger Const. Co.*, 219 Ark. 11, 240 S. W. 2d 12, noted in 7 Ark. L. Rev. 61. We pointed out that the promise giving rise to the estoppel may be without consideration.

Upon facts similar to those before us the better rule is that the subcontractor is bound to perform upon the terms of his bid. *Drennan* v. *Star Paving Co.*, Calif., 333 P. 2d 757; *Northwestern Engineering Co.* v. *Ellerman*, 69 S. D. 397, 10 N. W. 2d 879. As the court observed in the *Ellerman* case, the contrary view, adopted in *James Baird Co.* v. *Gimbel Bros.*, 2d Cir., 64 F. 344, has been rather severely criticized. Justice demands that the loss resulting from the subcontractor's carelessness should fall upon him who was guilty of the error rather than upon the principal contractor who relied in good faith upon the offer that he received.

As a secondary argument Reynolds contends that his offer was revoked by a counteroffer made by Texarkana. The exact terms of the proposed subcontract had not been discussed by the parties when Reynolds submitted his bid. Later on, after Texarkana had obtained the principal contract, Texarkana sent Reynolds a mimeographed subcontract. Reynolds now says that the proffered agreement contained several clauses, such as a performance bond requirement and daily liquidated damages for delay, that he would never have agreed to. Hence, he insists, the proposal amounted to a counteroffer that constituted a rejection of his bid. *Smith* v. *School Dist. No. 89*, 187 Ark. 405, 59 S. W. 2d 1022.

The trial court may well have doubted whether Reynolds would actually have refused the subcontract if it had contained a price sufficient to assure him of a profit. In any event, however, we think the present contention

to be an afterthought that comes too late. Reynolds rejected the proposed subcontract upon the sole ground that he could not do the work for the price that was offered. His conduct in that respect constituted a waiver of the objections that are now leveled against Texarkana's proposal.

Affirmed.

JOHNSON, J., dissents.