**UNITED STATES of America,
Appellee,**

v.

**Roswell W. WIXOM, Appellant.**

**No. 75–1718.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 14, 1976.

Decided Jan. 22, 1976.

As Amended on Denial of Rehearing
and Rehearing En Banc
March 3, 1976.

218

Phillip S. Resnick, Minneapolis, Minn., for appellant.

John M. Lee, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before HEANEY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

Roswell Wixom appeals his conviction for distribution of heroin under 21 U.S.C. § 841(a)(1). The case was submitted to a jury which returned a guilty verdict. We affirm.

At trial, the government produced a substantial amount of evidence which showed that defendant Wixom distributed four ounces of heroin to one Patty Caldwell on January 3, 1975.[1] The inci-

---

1. Patty Caldwell was also charged in regard to the transaction involved in this case. She died before trial however.

dent took place in Minneapolis, Minnesota.

The government showed that on that date, David Haight, an undercover agent of the United States Drug Enforcement Administration (DEA), purchased four ounces of heroin from Caldwell at Caldwell's apartment. At 2:30 p. m., Agent Haight met Caldwell at her apartment to negotiate the sale of the heroin. Caldwell told Haight that she expected her heroin source to call around 3:00 p. m. She received the call at 3:10 p. m. after which she told Haight that the source would arrive and make the delivery at approximately 4:30 p. m. Haight left the apartment and returned at 4:00 p. m. At 4:35 p. m., Caldwell received the second call. Caldwell informed Agent Haight that her source would be arriving shortly and that she had to meet him at the entrance of her apartment building. After she departed, Haight called surveillance agents, who were located outside the apartment building, to inform them that the source would be arriving immediately. Agent Anderson, on surveillance outside the apartment, received the alert and within one minute observed defendant Wixom arrive and park his 1975 Oldsmobile. Wixom emerged from the car and walked toward the entrance of the apartments carrying a gray cardboard box. The agents saw Caldwell appear at the entrance and meet Wixom. Shortly thereafter, Wixom emerged from the building without the gray cardboard box. Caldwell returned to her apartment with the gray cardboard box and gave the box and its contents, four ounces of heroin, to Agent Haight in return for $6,400. A short time later, Agent Anderson observed Agent Haight emerge from the building carrying the gray cardboard box which defendant Wixom had previously carried into the building.

At trial, Wixom was positively identified by two DEA agents who conducted the surveillance outside the apartment building at the time of the delivery. The government also offered the testimony of Diane Sletten who testified, over objection, that Wixom delivered one ounce of heroin to herself and her boyfriend on December 18, 1974.

On this appeal Wixom urges numerous points of error. We briefly discuss these points, finding each without merit.

■ Wixom first contends that the trial judge erred in denying certain requested instructions which purportedly contained defendant's "theory of the defense." [2] This contention is clearly without merit. Defendant's proffered instructions did not relate to an affirmative defense but only to defendant's theory that the government did not prove the essential elements of the offense. The trial court properly instructed the jury as to the essential elements of the offense and

---

2. The requested instructions at issue read as follows:

INSTRUCTION NO. 2

Before you can convict Mr. Wixom of the offense charged in the indictment, you must find beyond a reasonable doubt that Mr. Wixom carried a box into the apartment building at 1920 South First Street. That the box carried by Mr. Wixom was identical to the box Pat Caldwell presented to David Haight; that Mr. Wixom knowingly and intentionally delivered the box to Pat Caldwell; that the box contained heroin at the time it was delivered to Pat Caldwell by Mr. Wixom; that Mr. Wixom knowingly and intentionally delivered the box to Pat Caldwell, and that he knew the box contained heroin at the time of such delivery.

If you do not find that the government has proved each of these elements beyond a rea-

sonable doubt, then you must find Mr. Wixom not guilty of the offense charged in the indictment.

INSTRUCTION NO. 7

It is Defendant's theory of the case that the heroin purchased by Agent Haight from Pat Caldwell was on the premises, or otherwise in the care, custody and control of Pat Caldwell at all times during Haight's presence in the apartment; and further that Caldwell attempted to implicate Defendant in order to remove suspicion from her real source and to place such suspicion on Defendant.

If you find that the Government's evidence does not refute this theory beyond a reasonable doubt, then you must acquit Defendant Wixom.

the burden of proof resting with the government.

■ Wixom argues that certain statements made by Caldwell, a coparticipant in the scheme, were hearsay and therefore inadmissible. We disagree. It is fundamental that if a conspiracy is established by independent evidence, statements made in furtherance of the unlawful association are not hearsay and are admissible. Fed.R.Evid. 801(d)(2)(E); *United States v. Kelley*, 526 F.2d 615 (8th Cir. 1975); *United States v. Frol*, 518 F.2d 1134, 1136 (8th Cir. 1975); *United States v. Sanders*, 463 F.2d 1086, 1088 (8th Cir. 1972). The government offered substantial independent evidence which, in our view, constituted a prima facie showing of conspiracy between Wixom and Caldwell.[3] Therefore the statements made by the declarant Caldwell in furtherance of the conspiracy were admissible.

■ Defendant next contends that the evidence adduced at trial was insufficient to sustain the verdict. This claim is frivolous. The independently admissible evidence described above was sufficient to send the case to the jury. The statements of coparticipant Caldwell, which identified Wixom as her heroin source, made the government's case even stronger. There was no possibility of misidentification as there was in the case of *United States v. Frol, supra.*

■ Wixom contends that the trial court erred in admitting evidence that he had distributed an ounce of heroin to Diane Sletten on December 28, 1974. We disagree. The Federal Rules of Evidence clearly permit the admission of evidence of other crimes, wrongs or acts where, as here, such evidence is offered to prove knowledge, intent or absence of mistake or accident. Fed.R.Evid. 404(b). Furthermore, we are convinced that the probative value of Sletten's testimony,[4] that Wixom knew that heroin was contained in the box, substantially outweighed any possible unfair prejudice. *See* Fed.R.Evid. 403. Therefore the admission of Sletten's testimony was not an abuse of discretion.

■ Defendant also complains that in questioning Sletten, government counsel was allowed to impermissibly infer that other transactions had occurred. However the record clearly shows that the questions were asked in good faith. The trial judge refused to permit any evidence as to the nature of the other meetings to go before the jury. Under the circumstances, no prejudice resulted.

■ Defendant claims unfair surprise at trial because the government did not disclose to defense counsel its intention to call Sletten for purposes of eliciting other crime evidence. The record shows however that the government did advise defense counsel in this regard shortly after government counsel became aware that the witness could testify.

Defendant lastly argues that Agent Anderson's in court identification of defendant Wixom was impermissibly tainted in two respects: 1) Anderson viewed the defendant in the federal courthouse prior to trial; and 2) Anderson viewed a mug shot of defendant prior to trial. We find no error in this regard.

■ Agent Anderson viewed Wixom in the federal courthouse prior to defendant's appointment to see his parole officer. He stationed himself in the lobby. He viewed several people similar in appearance to Wixom. He did not know when the defendant would enter the building. Thus this show-up did not im-

---

**3.** The evidence showed that Caldwell and Wixom were both known heroin dealers in December, 1974. On January 3, 1975, defendant proceeded to Caldwell's apartment building carrying a gray cardboard box. Wixom met Caldwell at the apartment entrance and emerged shortly thereafter without the box. Contemporaneously, Caldwell returned to her apart-

ment carrying the box. Four ounces of heroin were contained in the box which Caldwell sold to Agent Haight for $6,400.

**4.** The probative value of Sletten's testimony was enhanced by the fact that the prior dealing occurred only six days before the transaction involved herein.

permissibly taint Anderson's in court identification.

 Even assuming, without deciding, that the viewing of the mug shot was suggestive, we fail to perceive how Wixom was prejudiced. The evidence of defendant's guilt was overwhelming. Wixom was positively identified by another DEA agent who was conducting surveillance of the Caldwell apartment at the time of the transaction. At the suppression hearing Agent Anderson stated under oath that he could identify Wixom solely on the basis of his observations at the Caldwell apartment.

The judgment of conviction is affirmed.