**Roswell W. WIXOM, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 78–1419.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 19, 1978.
Decided Oct. 25, 1978.

Roswell W. Wixom, filed brief pro se.

Andrew W. Danielson, U.S. Atty., John M. Lee, Asst. U.S. Atty., and William Jordan, Legal Intern, Minneapolis, Minn., filed brief for appellee.

Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

■ Roswell W. Wixom was convicted of distributing heroin and was sentenced by the District Court to a twelve year term to be followed by a parole term for the rest of his life. His conviction was affirmed by this Court. *United States v. Wixom,* 529 F.2d 217 (8th Cir. 1976). Subsequently, Wixom filed a motion to obtain his presentence report. This motion was denied. Wixom then asked that his motion be reconsidered. Reconsideration was denied. On appeal, Wixom contends that the court erred in denying his motion to permit him to review the report. The apparent reason that Wixom wants the presentence report is that he believes that the court's "harsh sentence" was based on erroneous information in the report that defendant began dealing in drugs a short time after his release from federal prison on another charge, that he had been involved with "dangerous kinds of people" and that he had associated with another person who had recently been sentenced on a drug charge.

We find no merit in the appeal. The record reveals that the defendant and his counsel reviewed the presentence report prior to sentencing. Defendant's counsel made the following statement: "I have read the presentence investigation. I found in there a couple of items which pertain to other supposed transactions by Mr. Wixom and others which I found to be objectionable and also apparently unsubstantiated, at least insofar as the presentence investigation was concerned. * * * I would object to those statements in the record." The court then gave Wixom an opportunity to speak before sentence was imposed. Wixom declined the opportunity. The court then made it clear that it was imposing a twelve year sentence primarily because of the defendant's prior record, which included a twenty-five year sentence for aggravated robbery, a five year sentence for kidnapping, and two ten year sentences for counterfeiting. The court indicated quite clearly that it considered the twelve year sentence appropriate, whether the activities objected to had or had not occurred.

On the petitions for rehearing, the court noted that there was no hope for the defendant's rehabilitation in view of his extensive criminal background.

■ After reviewing the entire record, we are convinced that the trial court based its sentence exclusively on the crime for which the defendant was convicted and on the prior felony convictions. We are also convinced that it did not base the sentence on any of the information with respect to other unadjudicated conduct which was referred to in the presentence report and which was objected to as being inaccurate by counsel for the defendant. In light of these facts, it would be inappropriate for the Parole Commission to consider any of the objected to information in determining the length of time that the defendant will be required to serve under the guidelines established by the United States Parole Commission.

The District Court is affirmed.