**UNITED STATES of America, Appellee,**

v.

**Larry Dayne HOPPING, Appellant.**

**No. 81-1897.**

United States Court of Appeals, Eighth Circuit.

Jan. 5, 1982.

Daniel M. Scott, Federal Public Defender, D. Minn., Minneapolis, Minn., for appellant.

John M. Lee, U. S. Atty., D. Minn., Minneapolis, Minn., Dwight L. Pringle, Legal Intern., for appellee.

Before GIBSON, Senior Circuit Judge, and ROSS and STEPHENSON, Circuit Judges.

PER CURIAM.

On March 10, 1981, a federal grand jury returned a two-count indictment against Larry Dayne Hopping, appellant herein. Count I charged Hopping with unlawful possession of a United States Federal Reserve Note in the amount of $5.00, which had been the contents of a letter addressed to New Day Ministries and which had been stolen from an authorized mail depository in violation of 18 U.S.C. § 1708. Count II charged Hopping with unlawfully removing from an authorized mail depository fifty-one letters addressed to the New Day Ministries in violation of 18 U.S.C. § 1708. On May 19, 1981, a jury found Hopping guilty on both counts and he was sentenced to four years' imprisonment by the district court.[1] Hopping then filed a timely appeal to this court challenging only his conviction on Count II. We affirm the conviction.

The relevant paragraph of 18 U.S.C. § 1708 provides:

Whoever steals, takes, or abstracts, or by fraud or deception obtains, or attempts so to obtain, from or out of any mail, post office, or station thereof, letter box, mail receptacle, or any mail route or other authorized depository for mail matter, or from a letter or mail carrier, any letter, postal card, package, bag, or mail, or abstracts or removes from any such letter, package, bag, or mail, any article or thing contained therein, or secretes, embezzles, or destroys any such letter, postal card, package, bag, or mail, or any article or thing contained therein; or . . . .

For reversal, Hopping argues that the district court erred in rejecting his requested instructions,[2] which separately identified the elements of the offense, and "compressing" the elements into a two-part charge requiring the jury to find beyond a reasonable doubt:

First, that the letters be stolen from a post office mail receptacle or other authorized depository for mail matters.

Second, that the defendant at the time did and willfully intended to steal such letters.

Hopping maintains that the Government was required to prove:

(1) that the letters were within the mail system or at an authorized depository;

(2) that the defendant removed the letters from the depository;

(3) that removal was without authorization; and

(4) that the defendant acted willfully with the intent to violate the law.

He thus argues that the instructions given by the district court deprived him of his right to have each element clearly stated to the jury and separately proven beyond a reasonable doubt. We have carefully reviewed the record and find no reversible error here.

---

1. The Honorable Donald D. Alsop, United States District Judge, District of Minnesota.

2. Appellant raised a timely and proper objection to the district court's instructions in accordance with Rule 30, Fed.R.Crim.P.

Preliminarily, we note that Hopping's argument to this court is not that the district court failed to instruct the jury as to each element of the crime, but rather that the court erred in "compressing" the separate elements into a two-part charge. In *United States v. Brown*, 540 F.2d 364, 380 (8th Cir. 1976), we stated:

A defendant is entitled to an instruction on his theory of the case if there is evidence to support it and a proper request is entered. *United States v. Nance, supra*, 502 F.2d [615] at 619; *Apel v. United States*, 247 F.2d 277, 282 (8th Cir. 1957). [Citation omitted.] Even if the requested instruction is proper and in form suitable for use by the court, the court retains discretion in framing the instruction; it is therefore sufficient that the charge to the jury adequately and correctly covers the substance of the requested instruction. *United States v. Wixom*, 529 F.2d 217, 219–20 (8th Cir. 1976); *United States v. Nance, supra*, 502 F.2d at 619–20; *Wright v. United States*, 175 F.2d 384, 388 (8th Cir.), *cert. denied*, 338 U.S. 873, 70 S.Ct. 143, 94 L.Ed. 535 (1949).

In the instant case the district court's instructions, when viewed as a whole, essentially covered the substance of Hopping's requested instruction. The district court need not use the exact language of a requested instruction so long as the instructions given are accurate and fair to both parties. *Leathers v. United States*, 471 F.2d 856, 863 (8th Cir. 1972), *cert. denied*, 412 U.S. 932, 93 S.Ct. 2754, 37 L.Ed.2d 161 (1973). Moreover, in delineating the elements of the offense charged in Count II, the district court tracked the language of § 1708, thereby accurately and adequately defining the essential elements of the offense charged. *See United States v. Ashford*, 530 F.2d 792, 798 (8th Cir. 1976); *Batsell v. United States*, 403 F.2d 395 (8th Cir. 1968), *cert. denied*, 393 U.S. 1094, 89 S.Ct. 865, 21 L.Ed.2d 785 (1969). Thus, we find no merit to the charge of error here.

Accordingly, the judgment is affirmed.