Joel F. MILLS, Appellant,

v.

MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Appellee.

Dewey F. WEAVER, Sr., Appellant,

Dewey F. Weaver, Jr.,

v.

MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Appellee.

Nos. 82–1528, 82–1529.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 14, 1983.

Decided March 30, 1983.

**306**

E.C. Gilbreath, Mark A. Moll, Jones, Gilbreath & Jones, Fort Smith, Ark., for appellants.

James F. Dickson, Putman, Gallman & Dickson, Fayetteville, Ark., for appellee.

Before ROSS, Circuit Judge, HENLEY, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

ROSS, Circuit Judge.

Joel Mills was a commodity customer of Merrill Lynch in Fayetteville, Arkansas. A dispute arose between Mills and Merrill Lynch when Mills' broker, an employee of

Merrill Lynch, called to inform Mills that he had a margin call. Mills disputed the call but offered to meet it by depositing the necessary funds. Instead of responding to Mills' offer, Merrill Lynch liquidated Mills' account. Subsequent negotiations resulted in a promise by Merrill Lynch to reimburse Mills $23,313.00 in future credits, the difference in the value of his account at the time it was liquidated and at the time Mills' account was reestablished. After having received $5,214.00 in commission credits, Mills stopped trading with Merrill Lynch. Merrill Lynch refused to pay the remaining balance arguing that it had agreed only to reimbursement in the form of commission credits and that it had no contractual duty to pay the $23,313.00.

Mills brought this action alleging breach of contract by Merrill Lynch based upon its promise to pay Mills $23,313.00. Merrill Lynch defended on the ground that no enforceable contract existed because of a lack of consideration. Pursuant to 28 U.S.C. § 636(c) the parties waived their right to proceed in district court and consented to a trial by a magistrate.[1] Mills appeals from a directed verdict in favor of Merrill Lynch granted at the close of plaintiff's case.

Dewey F. Weaver, Sr. was a commodities trader who maintained a nondiscretionary account with Merrill Lynch in Fayetteville, Arkansas. Weaver alleged in his complaint that unauthorized transactions were made on his account which caused him damages in the amount of $198,700.00. Weaver's action was consolidated with Mills' action and as in the Mills case, the parties waived trial in district court and consented to a trial before a magistrate. Weaver appeals from a jury verdict in favor of Merrill Lynch on his claim of unauthorized trading.

*Joel F. Mills*

Mills argues on appeal that the magistrate erred in directing a verdict against Mills because the evidence at trial showed that adequate consideration had not been given for Merrill Lynch's promise to pay $23,313.00. Mills maintains that consideration was given because he refrained from filing suit against Merrill Lynch. Further, Mills argues that even if no consideration can be found to support Merrill Lynch's promise, Merrill Lynch is estopped from denying the contract under the doctrine of promissory estoppel.[2]

Mills contends that an implied contract should be inferred from the parties' conduct. He cites 1 CORBIN ON CONTRACTS 42 (1971) in support of his position:

> If the offeror has not asked for a promise, the normal result is that he doesn't get one; but if the offeror does ask for a promise and the conduct of the offeree makes him believe reasonably that the requested promise has been made, the court will generally find that it has been made by implication if not expressly.

Merrill Lynch does not challenge the statement of law but refutes its application to the present case.

■ It is undisputed that Merrill Lynch did not request a promise from Mills and, as a result, did not elicit any such promise. Mills testified that he did not expressly agree to refrain from filing suit against Merrill Lynch and he admitted that Merrill Lynch did not ask him to forbear from bringing suit. Mills' conduct does not appear from the evidence adduced at trial to have been solicited by Merrill Lynch. No agreement existed between the parties from which a contract can be inferred. Thus, the trial court's finding of lack of consideration is supported by the evidence.

■ Mills argues that the contract should be enforced in spite of any lack of consideration under the doctrine of promissory estoppel. The general rule is stated in *Reynolds v. Texarkana Construction Co.*, 237 Ark. 583, 374 S.W.2d 818, 819–20 (Ark. 1964):

1. The Honorable Paul X Williams referred the case to United States Magistrate Ned A. Stewart, Jr.

2. Mills presented no evidence that Merrill Lynch wrongfully made the margin call. This action is strictly one based on an alleged oral contract.

A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. Rest., Contracts, § 90.

Promissory estoppel acts as a substitute for consideration where a party has detrimentally relied on a promise and "a refusal to enforce it would be virtually to sanction the perpetration of fraud or result in other injustice." *Peoples Nat. Bank v. Linebarger Const. Co.*, 219 Ark. 11, 240 S.W.2d 12, 16 (Ark.1951).

■ In the present case recovery cannot be based on promissory estoppel because of Mills' failure to prove one of the essential elements of that doctrine—detrimental reliance. Mills testified at trial that he thought his alternative methods of recourse against Merrill Lynch for the loss he sustained were to stop trading with Merrill Lynch and to "see what legal things could be done." There is no evidence in the record to show that Mills refrained from filing suit based on Merrill Lynch's promise. Further, he has failed to allege in this action that he is now barred from filing suit based on the disputed margin call and produced no evidence to that effect.

■ In considering a motion for a directed verdict this court must consider the evidence in the light most favorable to the nonmoving party and must give that party the benefit of all reasonable inferences. The directed verdict should be granted if there can be but one reasonable conclusion without weighing the credibility of the witnesses. *Dobson v. Bacon Transport Co.*, 607 F.2d 805 (8th Cir.1979). A careful review of the transcript of the trial reveals that no evidence was offered to support the promissory estoppel theory except the testimony of Mills that he thought he might have some legal recourse against Merrill Lynch. Thus, we hold that the granting of the

directed verdict for Merrill Lynch against Mills was proper.

■ Mills also argues that the district court erred in refusing to grant his motion to conform the pleadings to the evidence under Fed.R.Civ.P. 15(b) and in refusing to allow Mills to take a voluntary dismissal without prejudice pursuant to Fed.R.Civ.P. 41. Mills requested that he be allowed to amend the pleadings to allege negligence on the part of Merrill Lynch. However, the trial court correctly ruled that there was no evidence in the record to support a negligence theory. Additionally, amendment of the pleadings is clearly within the discretion of the trial court. We find no error in the district court's refusal to allow the amendment.

■ The trial court also properly exercised its discretion in refusing to grant Mills' motion to dismiss without prejudice, particularly in light of the fact that the court had begun to rule on the directed verdict motion when the dismissal motion was made. Dismissal under Rule 41 has routinely been held to be a matter within the discretion of the trial court. *Johnston v. Cartwright*, 355 F.2d 32, 39 (8th Cir.1966). The court properly considered the effects of a dismissal on the fair administration of justice and concluded that a dismissal at that stage of the proceedings would have been a gross injustice to Merrill Lynch. We find no error in the court's refusal to dismiss without prejudice.

### Dewey F. Weaver, Sr.

■ Weaver sought to recover damages against Merrill Lynch for breach of contract, negligence, and fraud based on unauthorized trading in his account. Weaver argues on appeal that the trial court erred in failing to instruct the jury that Weaver was entitled to damages if the jury found that unauthorized trades had been made from Weaver's account.[3] Weaver contends

---

**3.** Weaver's proposed jury instruction stated:
You are instructed that if you find from a preponderance of the evidence that Julianne

Barker made trades for the plaintiff which were not authorized by the plaintiff, then you are further instructed that the plaintiff is

that this instruction would have allowed the jury to base recovery on any of the legal theories advanced.

The court refused to give the requested instructions because the instructions failed to include the basic elements of the legal theories under which Weaver proceeded. Weaver offered no proof to show negligence or intentional fraud on the part of Merrill Lynch, and an allegation of an unauthorized trade is meaningless unless put in the context of a legal theory under which recovery is allowed. Further, Weaver's proposed instruction, to the extent it advanced legal theories of recovery, was sufficiently incorporated in the instructions given by the court on negligence. The trial court's refusal to instruct the jury as requested by Weaver was clearly within the court's discretion.[4] *United States v. Hopping,* 668 F.2d 398, 400 (8th Cir.1982).

*Conclusion*

The directed verdict against Mills and the jury verdict against Weaver are affirmed.

entitled to recover the damages sustained as a result of said unauthorized trades.

4. We have considered the additional issues raised by Weaver and upon a careful review of the trial transcript find them to be without merit.