John R. BLUE, Appellant,

v.

Marion LACY, Warden, FCI, Sandstone, and Carol Pavilack Getty, Commissioner, U.S. Parole Commission, Appellees.

No. 88–5080.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 24, 1988.

Decided Sept. 20, 1988.

Rehearing and Rehearing En Banc
Denied Dec. 7, 1988.

---

John R. Blue, pro se.

Joan N. Ericksen, Asst. U.S. Atty., Minneapolis, Minn., for appellees.

Before ARNOLD, FAGG and WOLLMAN, Circuit Judges.

PER CURIAM.

John R. Blue appeals pro se from the district court's[1] order granting appellee summary judgment on Blue's petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. Blue's major contention is that the United States Parole Commission's use of disputed allegations of criminal activity, contained in his PSI, in determining his presumptive parole date was improper because the sentencing court expressly disregarded these allegations. We affirm.

On June 24, 1982, Blue, who had been convicted and sentenced for various federal crimes, escaped from federal custody and remained at large until his arrest on August 23, 1983. Blue was subsequently convicted of escape. At the sentencing hearing, Blue's counsel specifically objected under Federal Rule of Criminal Procedure 32(c)(3)(D) to the court's use of disputed allegations of Blue's post-escape criminal activity, which primarily involved a check-kiting scheme. The sentencing court stated that the allegations contained in the PSI were not sufficiently certain and would be disregarded. Blue was sentenced to two and one-half years imprisonment.

In setting a presumptive parole release date, the Commission considered Blue's pre-escape and post-escape conduct separately. Following a hearing, at which Blue disputed the allegations of his post-escape criminal activities, the Commission added eighteen to twenty-four months to Blue's parole release date for his post-escape conduct and ultimately set his parole date at eighty-four months. Blue sought habeas relief and an order directing the Commission to reopen his case and barring the use of the information which the sentencing court had disregarded. The district court conducted a de novo review and granted the government's motion for summary judgment. This appeal followed.

Upon review, this court must affirm the decision of the Commission unless

---

1. The Honorable Robert G. Renner, United States District Judge for the District of Minnesota.

the decision is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Perry v. United States Parole Comm'n*, 831 F.2d 811, 812 (8th Cir.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 1230, 99 L.Ed.2d 429 (1988). Blue relies on *Wixom v. United States*, 585 F.2d 920 (8th Cir.1978) (per curiam), to support his contention that the Commission may not use information in the PSI that was disregarded by the sentencing court. The court in *Wixom* stated in dictum that under the circumstances of that case, "it would be inappropriate for the Parole Commission to consider any of the objected to information in determining the length of time that the defendant will be required to serve under the guidelines established by the [Commission]." *Id.* at 921. We decline to follow the *Wixom* dictum.

The Second and Seventh Circuits have rejected the dictum in *Wixom* and have held that the Commission is free to use disputed portions of a PSI, even though the sentencing court chose to disregard this information, if the Commission finds the information sufficiently accurate for its own purposes. *See Ochoa v. United States*, 819 F.2d 366, 372 (2d Cir.1987); *Kramer v. Jenkins*, 803 F.2d 896, 900 (7th Cir.1986), *clarified on reh'g*, 806 F.2d 140 (7th Cir.1986) (per curiam). These holdings are based on the premise that a sentencing court's refusal to rely on information only reflects its conclusion that it has found the information questionable or irrelevant for sentencing purposes. *See Ochoa*, 819 F.2d at 372; *Kramer*, 803 F.2d at 900. Also, under 18 U.S.C. § 4207 (1982) (repealed with respect to offenses committed after November 1, 1987, Pub. L. 98–473, tit. II, §§ 218(a)(5), 235(a)(1), 98 Stat. 2027, 2031 (1984), as amended), the Commission is given the latitude to make an independent judgment. *Kramer*, 803 F.2d at 900. We find the reasoning of *Ochoa* and *Kramer* persuasive. We accordingly hold that the Commission did not err in considering the information regarding Blue's post-escape activity.

Blue also argues that even if the Commission could use the allegations of his post-escape criminal conduct, the addition of the eighteen to twenty-four months to his parole date was an abuse of discretion because (1) the Commission has no authority to impose sanctions for criminal "conduct," only misdemeanors and felonies; (2) the Commission is without authority to impose sanctions for criminal conduct while an escapee *and* for the escape; and (3) the escape was from state, not federal custody, thereby depriving the Commission of jurisdiction. These claims are without merit. The Commission may consider allegations of criminal behavior. *Briggs v. United States Parole Comm'n*, 736 F.2d 446, 449 (8th Cir.1984). In addition, 28 C.F.R. § 2.36(a) refers to "criminal behavior" and "criminal conduct." The regulations also provide that sanctions for escape are to be added to the time imposed for criminal activity while an escapee. 28 C.F.R. § 2.36(a) n. 1 (1987). The Commission clearly had jurisdiction over Blue.

Finally, Blue claims that the district court erred by failing to conduct an evidentiary hearing. Dismissal of a habeas petition without an evidentiary hearing is proper if there is no factual dispute. *Brown v. Lockhart*, 781 F.2d 654, 656 (8th Cir.1986). We believe that the district court correctly determined that no factual disputes existed.

The district court's order is affirmed.