**Karl J. KELLER, Petitioner,**

v.

**UNITED STATES PAROLE COMMISSION, and Attorney General of the United States, Respondents.**

**Civ. No. 91–430–FR.**

United States District Court,
D. Oregon.

July 23, 1991.

Karl J. Keller, pro se.

Charles H. Turner, U.S. Atty., Kenneth C. Bauman, Asst. U.S. Atty., Portland, Or., for respondents.

## OPINION

FRYE, District Judge:

The matter before the court is the petition of Karl J. Keller for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Keller is a federal prisoner who is housed at the Federal Correctional Institution at Sheridan, Oregon (FCI Sheridan).

## BACKGROUND

Keller was arrested on November 19, 1986. Pursuant to a plea agreement with the government, he waived indictment and plead guilty to an information charging him in one count with the crime of armed bank robbery. *United States v. Keller*, CR No. 86–344–D (W.D.Wash.1986). In return for his plea of guilty, the government agreed "not to bring any additional charges against [him] based upon evidence in the Government's possession at the time of this Agreement and arising out of his conduct while robbing or attempting to rob the following banks ... unless [he] breaches this Plea Agreement." Plea Agreement, p. 2, lns. 11–17.

The plea agreement between Keller and the government listed eight armed bank robberies or attempted bank robberies that occurred between September 22, 1984 and January 22, 1986. Plea Agreement, pp. 2–3. The plea agreement also provided: "The United States of America further reserves the right to provide to the Court and to the United States Probation Office a statement of facts relating to all of the criminal conduct for which KARL JOSEPH KELLER was responsible." Plea Agreement, p. 4, lns. 1–5.

On February 27, 1987, Keller was sentenced to twelve years in prison on the one count of armed bank robbery alleged in the information. This sentence was to run concurrently with any sentence he was to receive on a pending armed bank robbery charge in the State of Washington.

Respondent, United States Parole Commission (the Parole Commission), held an initial parole hearing for Keller on July 15, 1987. The Parole Commission concluded that Keller's offense of conviction was properly rated "as Category 7 severity because [he] robbed more than 4 Banks (8)." Exhibit D to Government's Answer, p. 1. Based on this finding, the panel recommended that Keller be paroled only after he had served 80 months in prison.

Keller appealed the decision of the Parole Commission to the National Appeals Board. The National Appeals Board affirmed the decision of the Parole Commission, stating: "The U.S. Parole Commission is not precluded from using charges dismissed by a plea agreement. The nature and circumstances of your total offense behavior were considered in assessing offense severity." Exhibit G to Government's Answer.

## CONTENTIONS OF THE PARTIES

Keller contends that in determining his parole date, the Parole Commission rated the severity of his offense incorrectly. Specifically, he contends that pursuant to the terms of his plea agreement, the Parole Commission should have rated the severity of his offense as Category 5 based upon the single charge of armed bank robbery to which he plead guilty, which would have resulted in a guideline range of 24–36 months, rather than rating the severity of his offense as Category 7 based upon the eight armed bank robberies or attempted bank robberies listed in the plea agreement, which resulted in a guideline range of 52–80 months. Keller contends that by considering the other offenses in determining the severity of his offense, the Parole Commission violated the terms of his plea agreement.

The government contends that the Parole Commission acted within the scope of its authority in considering the seven armed bank robberies or attempted bank robberies mentioned in Keller's plea agreement in making its findings about the severity of Keller's offense for the purpose of determining a parole date.

## ANALYSIS AND RULING

█ A plea agreement cannot bind the Parole Commission in the absence of an express representation in the plea agreement that the Parole Commission will be bound. *See Augustine v. Brewer,* 821 F.2d 365, 368–69 (7th Cir.1987). The essence of the plea agreement between the government and Keller is that in exchange for Keller's plea of guilty to one count which charges armed bank robbery, the government will not charge Keller with any crimes arising out of seven other armed bank robberies or attempted bank robberies that it has evidence to believe he committed. The argument of Keller that the action of the Parole Commission violates the terms of his plea agreement with the government fails because the government and Keller are the only parties to the plea agreement, and therefore are the only parties that are bound by its terms. Furthermore, the terms of the plea agreement provide: "The United States of America further reserves the right to provide to the Court and to the United States Probation Office a statement of facts relating to all of the criminal conduct for which KARL JOSEPH KELLER was responsible." Plea Agreement, p. 4, lns. 1–5.

█ In rating an offense for its severity for the purposes of establishing the release date of a prisoner, the Parole Commission must consider the actual offense behavior of the prisoner. *See Roberts v. Corrothers,* 812 F.2d 1173, 1178–82 (9th Cir.1987). The Parole Commission is not limited to considering merely the crime to which an inmate plead guilty and was sentenced, *see Grattan v. Sigler,* 525 F.2d 329, 331 (9th Cir.1975), nor is it precluded from considering prior charges that were dismissed or alleged crimes for which charges were not filed, *see United States v. Graves,* 785 F.2d 870, 876 (10th Cir.1986).

In making a parole determination, the Parole Commission considers 1) the reports and recommendations of the staff of the facility to which the prisoner is confined; 2) the official reports of the prior criminal record of the prisoner; and 3) any presentence investigation reports. 28 C.F.R. § 2.19(a). The Parole Commission may take into account any substantial information available to it in establishing the offense severity rating of the prisoner. 28 C.F.R. § 2.19(c). If the prisoner disputes the accuracy of the information presented, the Parole Commission shall resolve such dispute by the preponderance of the evidence standard. *Id.*

■ At the initial hearing of a panel of the Parole Commission, the evidence concerning Keller included Keller's presentence report, which indicates that he admitted to agents of the Federal Bureau of Investigation that he participated in the seven other armed bank robberies or attempted bank robberies mentioned in the plea agreement. In addition, the report from the initial parole hearing indicates that Keller appeared before the panel and admitted his participation in those crimes. This evidence meets the preponderance of the evidence standard required for a finding by the Parole Commission that the information is accurate and relevant. The court finds that this information was properly considered by the Parole Commission in the determination of the nature and circumstances of Keller's offense.

### CONCLUSION

Keller's petition for a writ of habeas corpus is denied.