972 F.2d 354
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Vinod GULATI, Appellant,
v.
UNITED STATES PAROLE COMMISSION, Appellee.
 No. 92-1045.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 13, 1992.
Filed: July 27, 1992.
 
 Before MAGILL, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Vinod Gulati, a federal prisoner, appeals from the district court's[1] order dismissing his 28 U.S.C. § 2241 petition without an evidentiary hearing. We affirm.
 
 
 2
 In his petition, Gulati alleged that the United States Parole Commission (Commission) violated the terms of his plea agreement and his constitutional privilege against self-incrimination by calculating his parole guidelines range based on information he had provided to authorities. He sought an order directing the Commission to recalculate his offense severity category, which he contended should be VII rather than VIII.
 
 
 3
 In 1987, Gulati pleaded guilty to conspiring to import heroin and causing in excess of 100 grams of heroin to be imported into the United States. The plea agreement provided that Gulati would cooperate with law enforcement authorities and be fully debriefed concerning his knowledge of and participation in the conspiracy. In exchange, the government agreed to dismiss fourteen of the charges against him and advise the sentencing court of the nature and extent of his cooperation. The government also promised that "no information ... disclosed by Vinod Gulati during the course of his cooperation will be used against him in any other proceeding except as provided below." The agreement further stated that it was "limited to the United States Attorney's Office for the Eastern District of New York and cannot bind other federal, state, or local prosecuting authorities." The presentence report (PSR) indicated that Gulati sent in excess of 30 kilograms of heroin from India to the United States. This information came from individuals who acted as couriers for the conspiracy and were arrested before Gulati. Gulati did not object to any portion of the PSR. He was sentenced to fourteen years in prison and a $100,000 fine. The Commission used the drug-quantity information from the PSR to establish Gulati's parole eligibility guideline range, even though Gulati told the hearing panel that it was inaccurate. After exhausting his administrative remedies, Gulati commenced this action.
 
 
 4
 The magistrate judge[2] recommended denying the petition. The district court adopted this recommendation. On appeal, Gulati argues that the district court erred by (1) ruling that the Commission's decision to rely on disputed portions of the PSR was not reviewable; (2) concluding that the plea agreement did not bar the Commission from using information he disclosed to establish his parole eligibility; and (3) finding that the information in the PSR regarding drug quantity came from independent sources.
 
 
 5
 This court lacks jurisdiction "to review the substantive decisions of the Commission to grant or deny parole," but we have jurisdiction "to review the Commission's decision-making process to determine whether the Commission exceeded the scope of its authority." Jones v. United States Bureau of Prisons, 903 F.2d 1178, 1185 (8th Cir. 1990). Additionally, we may examine the Commission's actions to determine "whether the Commission violated the Constitution." Id. at 1184 n.15. Accordingly, we lack jurisdiction to review Gulati's contention that the Commission violated his rights by relying on disputed information in the PSR, because under 18 U.S.C. § 4207 (repealed as to offenses committed after Nov. 1, 1987), the Commission has authority to consider such information. See Blue v. Lacy, 857 F.2d 479, 481 (8th Cir. 1988) (per curiam). Likewise, to the extent Gulati contends the Commission erred by establishing his offense severity rating as category VIII, we lack jurisdiction to review this claim. See Wright v. United States Parole Comm'n, 948 F.2d 433, 435 (8th Cir. 1991), cert. denied, 112 S. Ct. 1772 (1992).
 
 
 6
 We have jurisdiction under Jones to review Gulati's claim that the Commission violated his privilege against self-incrimination by using information he provided to authorities under the terms of his plea agreement, which he maintains prohibited the Commission's use of this information. The district court correctly concluded that the plea agreement did not apply to the Commission. Nothing in the agreement indicates that the Commission was a party to it or was in any way bound by its terms. In the absence of an express term in the agreement binding the Commission, we have rejected a similar claim. See Peak v. Petrovsky, 734 F.2d 402, 405 (8th Cir. 1984); accord Augustine v. Brewer, 821 F.2d 365, 368-69 (7th Cir. 1987); Keller v. United States Parole Comm'n, 768 F. Supp. 290, 292 (D. Or. 1991), aff'd, 955 F.2d 47 (9th Cir. 1992).
 
 
 7
 In any event, the district court correctly concluded that the information in the PSR came from independent sources. The PSR indicates that authorities became aware of Gulati's participation in the conspiracy through the cooperation of drug couriers, and that these individuals provided details about the scope of the conspiracy, Gulati's role in it, and the amount of heroin it imported. Moreover, Gulati told the Commission that he did not begin to cooperate with authorities until after the PSR had been prepared; this directly contradicts his subsequent assertion that he began cooperating with authorities the day he entered his guilty plea. We also reject Gulati's claim regarding an alleged second plea agreement. Because the record conclusively establishes that Gulati is not entitled to relief, the district court did not err by resolving his claims without an evidentiary hearing. See United States v. Schmitz, 887 F.2d 843, 844 (8th Cir. 1989) (per curiam).
 
 
 8
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Donald D. Alsop, United States District Judge for the District of Minnesota
 
 
 [2]
 The Honorable Franklin L. Noel, United States Magistrate Judge for the District of Minnesota