Frank **BRIGGS**, Appellant,

v.

UNITED STATES PAROLE COMMIS-SION; **Marion Lacy, Warden,** Appellees.

No. 83–1945.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 15, 1984.

Decided May 29, 1984.

Rehearing Denied Aug. 3, 1984.

---

Susan E. Gaertner, Minneapolis, Minn., for appellant.

James M. Rosenbaum, U.S. Atty., Richard E. Vosepka, Jr., Asst. U.S. Atty., D. Minn., Minneapolis, Minn., Vickie R. Sheets, Legal Intern, for appellee.

Before LAY, Chief Judge, and HEANEY and BOWMAN, Circuit Judges.

HEANEY, Circuit Judge.

Frank Briggs appeals from the district court's order denying his petition for a writ of habeas corpus. Briggs argues that the United States Parole Commission unlawfully denied his request for parole, thereby requiring him to serve his sentence to expiration. We hold that the Parole Commission failed to provide Briggs with a statement of reasons for its departure from the

parole guidelines as required by 18 U.S.C. § 4206(c). We reverse and remand.

Briggs was convicted in July, 1981 on four counts of violating the Travel Act and conspiring to violate the Travel Act in relation to an arson scheme. The details of these convictions appear in the Seventh Circuit's opinion in Briggs' direct appeal, *United States v. Briggs*, 700 F.2d 408 (7th Cir.1983). The trial judge sentenced him to three consecutive terms of 18 months imprisonment (54 months) and a three year probation period to begin upon his release. The judge imposed this sentence pursuant to section 4205(b)(2), thus Briggs was eligible for parole at any time.

Briggs began serving his sentence in August, 1981, and a panel of the Parole Commission heard his request for parole on June 16, 1982. This hearing panel placed Briggs' offense severity at "Greatest II," the most severe category, and gave him a "salient factor score" of 10, the most favorable parole prognosis. With these ratings, Briggs could expect under the guidelines to serve "52 +" months before parole. 28 C.F.R. § 2.20 (1982).[1] The hearing panel denied Briggs' request for parole and ordered him to continue his 54 month term to expiration (less any statutory good time earned).

Briggs then appealed to the Regional Commissioner. The Regional Commissioner affirmed the hearing panel's decision. Briggs then appealed to the National Appeals Board of the commission (NAB). The NAB analyst recommended decreasing the severity rating to "Greatest I," which has a range of 40–52 months. He nonetheless recommended that Briggs be required to serve his 54 month sentence to expiration (again, with credit for statutory good time earned). The NAB adopted both recommendations.

Briggs filed this habeas corpus action seeking relief from the Parole Commission's decision. Upon the recommendation of a magistrate, the district court denied

relief. Briggs then brought this appeal, raising essentially the same issues he raised below: 1) that the Parole Commission erred in finding his offense severity to be "Greatest I" rather than "High Severity," arguing that if it were so classified, he would be entitled to be released at the end of 20 months; and 2) that even if his conduct justifies a finding of "Greatest I," the Parole Commission deviated from its guidelines without stating its reasons for doing so as required by section 4206. In reviewing the Parole Commission's decision, we must affirm unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2)(A).

The Parole Commission rated Briggs' conduct at "Greatest I" severity based on his participation in a conspiracy to commit arson and the kidnapping of a security guard. The parole guidelines then applicable provided that either of the following acts constituted a "Greatest I" offense:

> Arson or explosive detonation [involving potential risk of physical injury to person(s) (e.g., premises occupied or likely to be occupied)—no serious injury occurred] * * *

> Kidnapping [other than listed in Greatest II; limited duration; and no harm to victim (e.g. kidnapping the driver of a truck during a highjacking, driving to a secluded location, and releasing victim unharmed) ].

28 C.F.R. § 2.20 (1982).

Briggs contends that the arson scheme did not involve a potential risk of physical injury to anyone. He and his co-participants planned to burn the building at night; it was a business establishment, not a residence; and the only person on the premises was the security guard, and they removed him from the building.

 While this action may have thereby removed the risk of physical injury,[2]

---

**1.** The guidelines have since been amended to place an upper limit on this category, making

the range 52–80 months. *See* 28 C.F.R. § 2.20 (1983).

**2.** While it is arguable that any arson involves

abducting the security guard at gunpoint and handcuffing him to a tree clearly meets the kidnapping description for purposes of the guidelines. Briggs complains that the Parole Commission should not have considered the guard's abduction because he was never charged with kidnapping or conspiracy to kidnap. The Parole Commission has broad discretion to consider the overall circumstances of the prisoner's offense behavior. Several courts have held that the Parole Commission may consider unadjudicated charges, charges in dismissed counts of an indictment, or even evidence of crimes of which the accused has been acquitted. *See Billiteri v. United States Board of Parole*, 541 F.2d 938, 944 (2d Cir.1976); *United States v. Hendrix*, 505 F.2d 1233, 1235 (2d Cir.1974); *United States v. Needles*, 472 F.2d 652, 655 (2d Cir.1973); *United States v. Sweig*, 454 F.2d 181, 183–184 (2d Cir.1972). Moreover, 18 U.S.C. § 4207 explicitly provides that the Parole Commission may utilize information in presentence investigation reports. The narrative information in Briggs' report detailed his participation in planning the arson, and the abduction of the security guard at gunpoint was a part of this plan. It was thus a reasonable exercise of discretion for the Parole Commission to characterize Briggs' offense severity as "Greatest I" in light of this conduct.

Briggs' second argument—that even if an offense severity rating of "Greatest I" was not an abuse of discretion, the commission unlawfully exceeded the guidelines in requiring him to serve his 54 month sentence to expiration—has more merit. Section 4206(c) provides that:

> The Commission may grant or deny release on parole notwithstanding the guidelines referred to in subsection (a) of this section if it determines there is good cause for so doing: *Provided*, That the prisoner is furnished written notice stating with particularity the reasons for its determination, including a summary of the information relied upon. [Emphasis in original.]

The NAB, in its Notice of Action to Briggs, stated:

> Your offense behavior has been rated as Greatest I severity because it involved the kidnapping of a security guard and an attempted arson which was only prevented by intervention of police officials. Your salient factor score is 10. You have been in custody a total of 16 months. Guidelines established by the Commission for Adult cases which consider the above factors indicate a range of 40–52 months to be served before release for cases with good institutional program performance and adjustment. After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted.

The Parole Commission lowered the offense severity rating to "Greatest I," bringing Briggs within the 40–52 month range, but left him to serve his full 54 month sentence without parole. It thereby deviated from the guidelines, and did not state its reasons for doing so.

■ There is some indication in the record that the Parole Commission may have left the 54 month sentence intact because it considered that with credit for good time, Briggs would in fact be released after roughly 40 months. All parties to this appeal agree that this is not a permissible reason for the commission to deviate from the guidelines. Statutory good time and parole serve fundamentally different purposes. Good time cannot be presumed, and it is based on the prisoner's conduct within the institution. Parole is awarded based on an expectation of the prisoner's post-confinement societal conduct. *La*

---

potential risk of physical injury—to firefighters, for example—the distinction in the guidelines appears to address injury to someone occupying the premises. The magistrate found a risk of injury posed by handcuffing the guard "in the immediate vicinity of what can be accurately

characterized as nothing less than an immense tinderbox." But this conclusion is no substitute for a finding of risk by the Parole Commission, which is notably missing here. *Cf. Fardella v. Garrison*, 698 F.2d 208, 210–211 (4th Cir.1982).

*Magna v. United States Bureau of Prisons,* 494 F.Supp. 189, 193 (D.Conn.1980).

The Parole Commission contends that its parole decision may not be reversed unless it constitutes, "flagrant, unwarranted, or unauthorized action," or a failure to substantially comply with commission rules and regulations citing, *Kelsey v. Minnesota,* 565 F.2d 503, 506 (8th Cir.1977), and *Burton v. Ciccone,* 484 F.2d 1322, 1324 (8th Cir.1973). It argues that a two month deviation (from 52 to 54 months) is insubstantial. Briggs has made it clear in this appeal that two extra months in federal prison are of substantial concern to him; at any rate, we do not read *Kelsey* and *Burton* to say that a reviewing court should consider such a deviation de minimus, nor do we find them on point in interpreting the commission's obligations under section 4206. We decided *Burton* before the parole statutes were amended in 1976 to provide for guidelines, and to require a statement of reasons for deviation from these guidelines. In *Kelsey,* we did not have occasion to discuss the federal parole statute, because the case involved a challenge to a state parole decision on due process grounds. *See Kelsey v. Minnesota, supra,* 565 F.2d at 505. In this case, the requirements of section 4206(c) are straight forward, and the Parole Commission did not meet them. In failing to follow the statute and its own regulations, the commission acted without authority and in abuse of its discretion.

We note further that the factors which the commission recited in determining Briggs' offense severity and salient factor score may not also be utilized as justification for deviating from the guidelines. Once the commission develops guidelines which it determines will appropriately measure parole risk, it should either follow the guidelines or amend them. *See Myrick v. Gunnell,* 563 F.Supp. 51, 54 (D.Conn.1983); *Allen v. Hadden,* 536 F.Supp. 586, 596 (D.Colo.1982); *Baker v. McCall,* 543 F.Supp. 498, 500 (S.D.N.Y. 1981), *aff'd without opinion,* 697 F.2d 287 (2d Cir.1982); *Brach v. Nelson,* 472 F.Supp. 569, 574 (D.Conn.1979). The reasons for deviating from the guidelines must be beyond and apart from the factors the commission uses in applying them.

Briggs also argues that if his conduct is to be rated at "Greatest I" offense severity, the Parole Commission must place him in the lower half of the 40–52 month guideline range. *See* Rules and Procedures Manual, United States Parole Commission § 2.23–02 (October 1, 1983). We have found that the commission deviated from the guidelines for a "Greatest I" offense, and on remand, it will have the option of either complying with the guidelines or stating its reasons for deviating from them. If the commission chooses to place Briggs within the guidelines, its rules and procedures require a separate statement of reasons for placing a prisoner in the top, middle, or bottom of a guidelines range. *Id.* at § 2.23–01(a)–(b).

We conclude that the Parole Commission violated section 4206(c) by deviating from the guidelines by two months without providing Briggs with a statement of reasons for doing so. We thus reverse the judgment of the district court, and remand the case to it with directions to inform the Parole Commission that it must either conform to the guidelines or state it reasons for deviating from them.