**Collin MONTGOMERY, Appellant,**

v.

**UNITED STATES PAROLE COMMISSION, et al.,**
**Appellees.**

**No. 87–5336.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 22, 1987.

Decided Feb. 3, 1988.

Rehearing and Rehearing En Banc Denied March 16, 1988.

Collin Montgomery, pro se.

Paul A. Murphy, Minneapolis, Minn., for appellees.

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

PER CURIAM.

Collin Montgomery appeals from the district court's denial of his petition for a writ of habeas corpus, *see* 28 U.S.C. § 2241. In his petition, Montgomery contended the United States Parole Commission (Commission) violated its regulations and his due process rights in determining the severity of his offense for parole eligibility purposes. The district court rejected his contention and we affirm.

Montgomery was paroled from federal custody in 1983 with over two years remaining on his five-year sentence for conspiracy to distribute cocaine, *see* 21 U.S.C. §§ 841(a)(1), 846. In 1984, shortly after he was paroled, Montgomery was involved in new criminal conduct and pleaded guilty to conspiring to distribute heroin, *see id.* A dispute arose at Montgomery's sentencing hearing regarding the quantity of heroin involved in the crime. Montgomery claimed the quantity was smaller than reported in the presentence investigation report (PSI). The court did not resolve the dispute, but also was not influenced by the matter when sentencing Montgomery. The district court sentenced Montgomery to a ten-year term, which was later reduced to a seven-year term.

Based on Montgomery's new criminal conduct, a parole-violator warrant was issued. After a combined initial and dispositional hearing, the Commission revoked Montgomery's parole. Relying on statements in the PSI about the drug quantity involved in Montgomery's heroin conspiracy, the Commission gave the offense a category-six severity rating rather than the category-five rating sought by Montgomery. The Commission then indicated that Montgomery will be required to serve a total of seventy-eight months before he may be considered for parole or, alternatively, to serve until the expiration of his sentences, whichever comes first.

On appeal from the denial of his habeas petition, Montgomery again contends the Commission relied on false and unadjudicated statements in his PSI to determine the severity rating of his second conspiracy offense. We find no merit to

Montgomery's claim. After revoking parole based on new criminal conduct, the Commission must calculate the appropriate severity rating for the new criminal behavior. 28 C.F.R. § 2.21(a)(2). When classifying offenses for parole eligibility purposes, the Commission can rely on information contained in a PSI that has not been disavowed by the sentencing court. *Melvin v. Petrovsky*, 720 F.2d 9, 11 (8th Cir.1983).

 In reviewing the Commission's decision, we will uphold that agency's action unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Perry v. United States Parole Comm'n*, 831 F.2d 811, 812 (8th Cir.1987); *see* 5 U.S.C. § 706(2)(A). Further, we will not reassess the credibility of the information used by the Commission in reaching its decision. *Richardson v. United States Parole Comm'n*, 729 F.2d 1154, 1155–56 (8th Cir.1984) (per curiam). Here, under the applicable standard of review, the Commission's decision must stand.

Accordingly, we affirm the district court's denial of Montgomery's habeas petition.