Robert QUAGLIATO, Petitioner,

v.

John SULLIVAN, Warden, Respondent.

No. CIV. 5–88–124.

United States District Court,
D. Minnesota.

Aug. 25, 1989.

Robert Quagliato, pro se.

Jerome G. Arnold, U.S. Atty., and Paul A. Murphy, Asst. U.S. Atty., Minneapolis, Minn., for respondent.

## ORDER

MacLAUGHLIN, District Judge.

This matter is before the Court on petitioner's objections to the January 10, 1989 report and recommendation of the United States Magistrate.

## FACTS

On November 2, 1984, Petitioner was convicted on one count of conspiring to distribute cocaine in violation of 21 U.S.C. § 841 and was sentenced to seven years' imprisonment by the United States District Court for the Northern District of Illinois. At sentencing, the district court had before it a presentence investigation report (PSI) incorporating the United States Attorney's conclusion that petitioner was involved in a conspiracy to distribute approximately five kilograms of cocaine of unknown purity and recommending that petitioner receive an offense severity rating of category six. Federal regulations attach a category six offense severity rating to "large scale" cocaine offenses involving 1.25 to 6.24 kilograms of cocaine of unknown purity. 28 C.F.R. § 2.20. However, where the parole commission determines that an offender played only a "peripheral role" in a "large scale" offense, the regulations provide for an offense severity rating of category five. *Id.*

"Peripheral role" in drug offenses refers to conduct such as that of a person hired as a deckhand on a marijuana boat, a person hired to help off load marijuana, a person with no special skills hired as a courier of drugs on a commercial airline flight, or a person hired as a chauffeur in a drug transaction. This definition does not include persons with decision-making or supervisory authority, persons with relevant special skills (e.g., a boat captain, chemist, or airplane pilot), or persons who finance such operations.

*Id.; see also* United States Parole Commission, *Procedures Manual* 57 (1987).

Prior to imposing sentence on petitioner, the district court entertained his objections to the PSI. Counsel for petitioner specifically objected to the recommendation that petitioner receive a category six offense severity rating and requested the district court to find that petitioner was "under the guidelines a peripheral actor, and, therefore, a Category 5 severity rating...." Sentencing Transcript at 29. The district court responded:

I agree with the argument by the defense that the category in this case is arguably incorrect and I will change the category, and the probation people ... assure me they will, too, to Category 5, because I think [petitioner] was not in any sense a manager or a leader of the conspiracy that was tried in this Court.

*Id.* at 30–31.

On direct appeal to the United States Court of Appeals for the Seventh Circuit petitioner's conviction was affirmed. *See United States v. Mazzone,* 782 F.2d 757 (7th Cir.), *cert. denied,* 479 U.S. 838, 107 S.Ct. 141, 93 L.Ed.2d 84 (1986).

Petitioner received an initial parole hearing on April 14, 1987. The examining panel concluded that "the evidence available indicates that [petitioner] was totally involved in the conspiracy" and that "[t]here was nothing discovered during the interview nor from the documents to warrant a deviation from the guidelines." Initial Hearing Summary at 2. The panel therefore recommended to the parole commission that petitioner receive an offense severity rating of category six. The parole commission accepted the panel's recommendation and notified petitioner of its decision in a Notice of Action letter dated May 5, 1987. Under the heading "Reasons/Conditions," the commission stated:

> Your offense behavior has been rated as category six severity because you participated in a conspiracy which was responsible for the distribution of 1.25–6.24 kilograms of cocaine with the purity unknown. Your salient factor score is 7. You have been in custody a total of 10 months. Guidelines established by the Commission which consider the above factors indicate a range of 52–64 months to be served before release for cases with good institutional adjustment and program achievement. After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted.

*Id.*

Petitioner appealed the parole commission's decision to the National Appeals Board, alleging that the commission erroneously assigned him an offense severity rating of category six instead of category five. The Appeals Board affirmed the commission's decision, stating in a Notice of Action on Appeal letter dated September 25, 1987, that petitioner's claim of playing only a peripheral role in the charged conspiracy was without merit.

Having exhausted all available administrative appeals, petitioner filed several motions for reduction or alteration of his sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure and 28 U.S.C. § 2255. All of these motions were denied.

Petitioner filed his first application for habeas corpus pursuant to 28 U.S.C. § 2241, alleging that the parole commission abused its discretion in assigning him a category six offense severity rating and failed to adequately notify him of the reasons underlying its decision.

DISCUSSION

I. *Standard of Review*

■ A reviewing court may reverse a decision of the United States Parole Commission that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Perry v. United States Parole Comm'n,* 831 F.2d 811, 812 (8th Cir.1987). "The role of judicial review of a Parole Board decision on application for a writ of habeas corpus is to insure that the Board has followed criteria appropriate, rational and consistent with [its statutory mandates]." *Zannino v. Arnold,* 531 F.2d 687, 690 (3d Cir.1976). The Court will therefore review the parole commission's decision regarding petitioner's parole release eligibility to ascertain whether the commission deviated from its statutory authority or otherwise abused its discretion in making that decision.

II. *Statutory Obligation to Consider Certain Information*

■ Petitioner alleges the parole commission failed to satisfy its statutory obligation to consider the recommendation of the sentencing court in making its parole

determination. Petitioner bases his claim on 18 U.S.C. § 4207, which states that

> [i]n making a determination [regarding parole] the Commission shall consider if available and relevant ... recommendations regarding the prisoner's parole made at the time of sentencing by the sentencing judge ...

*See also* 28 C.F.R. § 2.19.

Prior to sentencing petitioner, the district court stated its conclusion that petitioner did not play a leading role in the charged conspiracy and, therefore, should receive a category five offense severity rating. *See* Sentencing Transcript at 30–31. The parole commission, however, set petitioner's offense severity rating at category six, apparently based on its own conclusion that petitioner was "totally involved in the conspiracy" and not merely a peripheral actor. *See* Initial Hearing Summary at 2. In communicating this decision to petitioner, the commission neither addressed the recommendation of the sentencing court nor explained the rationale by which it arrived at an offense severity rating other than that recommended.[1] The Court therefore finds that the commission has not provided the Court sufficient ground to conclude that it indeed considered the sentencing court's recommendation regarding petitioner's parole as section 4207 obligated it to do.

Petitioner's claim is distinct from the allegation, raised unsuccessfully in prior cases, that the parole commission failed to respect the expectations of a sentencing court. In 1979, the Supreme Court held that "there is no basis for enlarging the grounds for collateral attack to include claims based ... on the frustration of the subjective intent of the sentencing judge." *United States v. Addonizio*, 442 U.S. 178, 187, 99 S.Ct. 2235, 2241, 60 L.Ed.2d 805 (1979). *Addonizio* was broadly interpreted by the Eighth Circuit to allow the parole commission to exercise its discretion contrary to even the express expectations of the sentencing court. *See Hayward v. United States Parole Comm'n*, 659 F.2d

857 (8th Cir.1981). This broad interpretation of *Addonizio* does not, however, preclude petitioner's claim. Although the commission need not give actual effect to the expectations of a sentencing court, it must nonetheless consider that court's recommendations in the process of determining parole. *See* 28 U.S.C. § 4207(4).

### III. *Statutory Obligation to Provide Notice of Reasons for Parole Determination*

■ Section 4206(b) of Title 18 requires the parole commission to provide prisoners with notice of the reasons underlying its determination of their parole eligibility.

> The Commission shall furnish the eligible prisoner with a written notice of its determination not later than twenty-one days, excluding holidays, after the date of the parole determination proceeding. If parole is denied *such notice shall state with particularity the reasons for such denial.*

18 U.S.C. § 4206(b) (emphasis added); *see also* 28 C.F.R. § 2.13(c) ("whenever the Commission initially establishes a release date ... the prisoner shall also receive in writing the reasons for that decision"). The legislative history accompanying section 4206 suggests that its "notice of reasons" provision was adopted in order to make certain that prisoners were provided adequate, understandable explanations of parole determinations:

> Individuals denied parole or granted parole under conditions other than those commonly imposed will receive a written statement which spells out clearly the reasons for this adverse action.
>
> The [Senate Judiciary Committee] does not wish to tie the hands of the Parole Commission by specifying a particular format for such statement of reasons. A formal judicial fact-finding is not required, but the inmate must receive an understandable explanation of his parole status....

---

1. Because the commission offered no substantive explanation of its reasons for assigning petitioner a category six based on the same information that led the sentencing court to recommend a category five, it is unclear whether the Commission resolved this discrepancy by a preponderance of the evidence, as required by federal regulations. *See* 28 C.F.R. § 2.19(c).

.... If a prisoner who has not served the minimum period recommended by the guidelines is denied parole, he should receive a statement containing his severity of offense rating, the calculation of his salient factors score and an explanation of how such a determination utilizing the guidelines was reached.

S.Rep. No. 369, 94th Cong., 2d Sess. 25 (1975), *reprinted in* 1976 U.S.Code Cong. & Admin. News 335, 346. The Court finds that the parole commission has not satisfied the notice of reasons requirement set forth in section 4206(b) in its determination of petitioner's parole eligibility. Despite a specific finding by the sentencing court that petitioner played a peripheral role in the charged conspiracy, and therefore fell within the parameters of a category five offense, the commission set petitioner's offense severity rating at category six without providing petitioner a substantial explanation for its decision to do so. *See* Notice of Action; Notice of Action on Appeal.

In a recent decision construing section 4206(b), the Third Circuit concluded that the parole commission's failure to adequately explain its reasons for a particular parole decision provided a district court sufficient ground on which to remand that decision to the commission for a complete and formal explanation. *Marshall v. Lansing*, 839 F.2d 933, 944 (3d Cir.1988). In *Marshall*, the commission's notice of action, informing petitioner of its determination, stated:

Your offense behavior has been rated as Category Six severity because it involved a non-peripheral role in a conspiracy to distribute between one and five kilograms of pure cocaine. Your salient factor score (SFS–81) is 9. You have been in federal custody a total of 14 months. Guidelines established by the Commission for adult cases which consider the above factors indicate a range of 40–52 months to be served before release for cases with good institutional adjustment and program achievement. After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted. As required by law,

you have also been scheduled for a statutory interim hearing during April, 1986. *Id.* at 937. The district court found, and the Third Circuit agreed, that this statement did not permit a reviewing court to determine whether the United States Parole Commission could articulate " 'a rational connection between the facts found and the choice made.' " *Id.* at 938 *quoting Bowman Transportation, Inc. v. Arkansas–Best Freight System, Inc.*, 419 U.S. 281, 285, 95 S.Ct. 438, 441–42, 42 L.Ed.2d 447 (1974). The circuit court recognized "that a brief, even superficial, statement of reasons is sufficient to satisfy Section 4206(b) in the ordinary case." *Marshall*, 839 F.2d at 942. However, where the facts upon which the commission relied are not readily apparent from the indictment, the circumstances surrounding arrest, or the pre-sentence investigation report, the commission must more thoroughly explain its parole decision. *Id.*

Where reasoning beyond simple arithmetic or obvious inferences is required to draw the conclusions upon which the Commission relies, we see no reason why the formal statement of reasons should not provide the crucial missing logic. Congress has required the Commission to furnish a statement of reasons to the prisoner so that he can receive "an understandable explanation of his parole status." In this case, a reasonably intelligent person who was familiar with the relevant facts of the case and who had read the Commission's perfunctory explanation would still not have understood how the Commission reached its conclusion. We do not find it either overly intrusive or contrary to the statute to require the Commission, which is under a statutory mandate to "state with particularity the reasons for [parole] denial," to truly provide reasons. We believe that a statement of reasons must reveal *reasoning*, and not simply present conclusions, at least where that reasoning is not apparent from the facts of the case. *Id.* at 942–43.

The parole commission here failed to satisfy the requirements of section 4206(b),

just as it did in *Marshall.* The commission's written statements to petitioner, virtually identical to those at issue in *Marshall,* in no way illuminate how the commission arrived at a conclusion completely opposite that of the sentencing court with regard to petitioner's role in the charged conspiracy. That the sentencing court was persuaded to find petitioner played a peripheral role in the conspiracy mandates that the commission at least articulate the rationale by which it concluded otherwise. Absent such an explanation, petitioner cannot receive the "understandable explanation of his parole status," 1976 U.S.Code Cong. & Admin.News, *supra* at 346, that section 4206(b) requires, nor can the Court determine whether a rational connection exists between the evidence the commission considered and the determination it made. *See Bowman Transportation,* 419 U.S. at 285, 95 S.Ct. at 441–42.

The claim that the commission failed to satisfy the requirements of section 4206(b) is distinct from those addressed by the United States Court of Appeals for the Eighth Circuit in its most recent decisions regarding the discretionary nature of parole determinations. In both *Montgomery v. United States Parole Comm'n,* 838 F.2d 299 (8th Cir.1988), and *Blue v. Lacy,* 857 F.2d 479 (8th Cir.1988), the Eighth Circuit concluded that the statutorily-authorized discretion of the parole commission places decisions as to the credibility of the information considered in making parole determinations beyond the scope of judicial review. The Court, however, is not here inquiring into the credibility of the evidence that informed the commission's determination. Rather, the Court has concluded that the commission failed to adequately communicate the rationale underlying that determination. Thus, the Court finds nothing in the decisions of the Eighth Circuit to mandate a result here contrary to that reached by the Third Circuit in *Marshall v. Lansing, supra.*

IV. *Conclusion*

██ In order to ascertain that the parole commission has not abused its discretion, a district court may remand a particular pa-

role decision to the commission and require the commission to explain the reasoning underlying that decision. *Marshall v. Lansing,* 839 F.2d at 943. The court may order that the commission comply within a reasonable time and may order a habeas petitioner released from custody if such compliance is not forthcoming. *Billiteri v. United States Board of Parole,* 541 F.2d 938, 946 (2d Cir.1976). The Court finds that the parole commission has not provided sufficient ground upon which to conclude that it met its statutory obligation to consider the parole-related recommendations of the sentencing court. Further, the Court finds that the commission failed to satisfy its statutory obligation to adequately explain the reasoning behind the parole determination at issue.

Based upon the foregoing, and upon all the files, records and proceedings herein,

IT IS ORDERED that respondent show cause within ninety days of the date of this order as to why petitioner's application for a writ of habeas corpus should be denied. Respondent should address the reasoning underlying the decision to deviate from the sentencing court's finding that petitioner was a peripheral actor in the charged conspiracy and the sentencing court's recommendation that petitioner receive an offense severity rating of category five. Should the parole commission maintain that petitioner's offense severity rating is category six, the defendant shall indicate the rationale and reasons underlying the commission's determination and shall address the sentencing court's conclusion as to petitioner's role in the charged conspiracy and its recommendation of a category five offense severity rating.