James CAPORALE, Appellant,

v.

Gary GASELE, Warden, Federal Prison Camp, Duluth, Minnesota, Appellee.

No. 91–1180.

United States Court of Appeals, Eighth Circuit.

Submitted July 3, 1991.

Decided July 25, 1991.

---

**306**

Linda S. Sheffield, Atlanta, Ga., for appellant.

Elizabeth de la Vega, Minneapolis, Minn., for appellee.

Before McMILLIAN, FAGG and MAGILL, Circuit Judges.

PER CURIAM.

James Caporale appeals from a final order entered in the United States District

Court[1] for the District of Minnesota dismissing his 28 U.S.C. § 2241 habeas petition. Caporale sought relief from the United States Parole Commission's decision setting his parole eligibility date. We affirm for the reasons discussed below.

Caporale, an officer and trustee of the Laborers International Union of North America, and several codefendants were convicted on conspiracy charges involving kickback payments from corporations providing health care for union members. At an initial parole evaluation, a hearing panel set Caporale's offense severity level at six because the amount illegally obtained exceeded one million dollars. A salient factor score of ten yielded a parole guidelines range of 40–52 months. After a second hearing, the panel recommended a departure from the guidelines to 72 months. The Notice of Action listed three reasons for the departure: (1) the amount of money obtained was more than twice that required for placement in level six; (2) Caporale participated in part to provide revenue for organized crime; and (3) Caporale betrayed a position of trust in the union.

 A federal court is without jurisdiction to review the substantive decisions of the Parole Commission except when the Commission's actions violate statutory, regulatory, or constitutional provisions. *Jones v. United States Bureau of Prisons*, 903 F.2d 1178, 1183–85 (8th Cir.1990). Caporale claims the Parole Commission violated its Rules and Procedures Manual (July 24, 1989). Even if this were so, we have no jurisdiction to review departures from internal rules which are "merely statements of policy, organization, procedure or practice." *Vargas v. United States Parole Comm'n*, 865 F.2d 191, 195 (9th Cir.1988). The introduction to the manual states the "notes, procedures, and appendices in this manual are intended only for the guidance of Parole Commission personnel and those agencies which must coordinate their work with the Commission." Rules & Procedures Manual at 4. We thus have no juris-

1. The Honorable Diana E. Murphy, United States District Judge for the District of Minnesota.

diction to review the majority of Caporale's claims.

Caporale also claims that the Parole Commission "double counted" by using the same factors to depart from the guidelines as it used to establish the offense severity level. Double counting violates the Parole Act, *Briggs v. United States Parole Comm'n*, 736 F.2d 446, 450 (8th Cir.1984), and this claim is thus reviewable. The record shows, however, that the claim is without merit. The reasons given for departure clearly differed from that given for setting the severity level. Although Caporale disputes the factual basis for these reasons, we "have no jurisdiction to review the Commission's factual findings which were necessary components of its ultimate decision." *Jones*, 903 F.2d at 1185.

Accordingly, we affirm the order of the district court.