Randy T. **EDMUNDSON**, Appellant,

v.

C.A. **TURNER**, Warden, United States Medical Center for Federal Prisoners, Springfield, Missouri; U.S. Parole Commission, Appellees.

No. 91–1280WM.

United States Court of Appeals, Eighth Circuit.

Submitted July 22, 1991.

Decided Jan. 16, 1992.

Rehearing and Rehearing En Banc Denied Feb. 20, 1992.

---

Randy T. Edmundson, pro se.

Earl W. Brown, III, Springfield, Mo. (Jean Paul Braddshaw II, on the brief), for appellees.

Before BEAM, Circuit Judge, HEANEY, Senior Circuit Judge, and LOKEN, Circuit Judge.

LOKEN, Circuit Judge.

Randy T. Edmundson appeals the denial of relief from a decision by the United States Parole Commission that he serve out the seven year sentence he received following his February 1989 conviction on child pornography and weapons charges. Edmundson alleges that the Commission erred in departing from its parole guideline range because this was his second sex crime. The district court[1] denied his petition for a writ of habeas corpus. We affirm.

## I.

Edmundson is an admitted pedophile. He was convicted in 1982 for molesting several young nieces and served more than two years in state prison. In March 1987, following reports that Edmundson had recently brought "weird" photos involving young girls to a photoprocessing firm, postal authorities sent him an advertisement for "forbidden materials" as part of a broader operation aimed at customers of mail-order child pornography. Edmundson responded, expressing a preference for materials involving pre-teen girls and signing an affidavit that he would not reveal his purchases to any law enforcement agency.

1. The Honorable William R. Collinson, United States Senior District Judge for the Western District of Missouri.

Postal authorities then mailed him a magazine confiscated in a previous child pornography investigation, watched him take it home, and then executed a pre-approved search warrant, seizing the magazine and two firearms.

After a one-day bench trial in the Eastern District of Michigan, Edmundson was convicted of knowingly receiving a magazine that visually depicted minors engaging in sexually explicit conduct, in violation of the Child Protection Act of 1984, 18 U.S.C. § 2252(a)(2), and of being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1). His conviction was affirmed on appeal. *United States v. Edmundson,* 937 F.2d 609 (6th Cir.1991).

After serving seven months of his sentence, Edmundson received an initial parole determination pursuant to the Parole Commission and Reorganization Act of 1976, 18 U.S.C. §§ 4201 *et seq.,*[2] and the Commission's regulations. 28 C.F.R. §§ 2.1 *et seq.* Following a hearing, he was assigned an offense severity factor of four and a salient factor score of seven, which produced a parole guideline range of 20–26 months. *See* 28 C.F.R. § 2.20. However, exercising authority to depart from the guidelines when warranted, 28 C.F.R. § 2.20(c), (d), both examiners agreed that a decision above the guidelines was warranted because "this is his second conviction involving a sex crime and also he has a sentence which mandates above the guidelines."[3] One examiner recommended that Edmundson's presumptive parole date be set at 38 months, twelve months above the guideline range. The other recommended that he "continue to expiration" of his seven year term. The regional parole commissioner

adopted the latter recommendation,[4] stating:

a decision above the guidelines appears warranted because: you are a poorer risk than indicated in your salient factor score in that: this is your second conviction involving a sex crime.

The Commission's National Appeals Board affirmed, stating: "The reasons given are specific and comply with 28 C.F.R. § 2.20 for decisions outside the guidelines."

Edmundson then filed this petition for habeas corpus, arguing that the Parole Commission had mischaracterized his sentence as one for the sexual exploitation of children; that the Commission violated the "double counting" proscription of *Briggs v. U.S. Parole Comm'n,* 736 F.2d 446 (8th Cir.1984), by using his prior conviction to set his salient factor score and to justify the upward departure from its guidelines; and that the Commission violated its own internal rules in determining there was "good cause" for the departure. The district court rejected these arguments, and Edmundson appeals.

### II.

■ We have limited jurisdiction to review Parole Commission determinations. Congress has expressly declared that the Commission's decisions to grant or deny parole are "actions committed to agency discretion for purposes of [the judicial review provisions of the Administrative Procedure Act]." 18 U.S.C. § 4218(d). In *Jones v. U.S. Bureau of Prisons,* 903 F.2d 1178, 1182–84 (8th Cir.1990), we held that this statute bars judicial review of the Commission's "substantive" parole decisions.[5]

---

**2.** This statute was repealed as part of the Sentencing Reform Act of 1984. Pub.L. 98–473, Title II, §§ 218(a)(5), 235, 98 Stat.1987, 2027, 2031. However, it still applies to Edmundson because he committed the offenses prior to November 1, 1987.

**3.** By statute, Edmundson is eligible for parole after serving one-third of his seven year sentence, or 28 months. 18 U.S.C. § 4205(a). Thus, his sentence "mandates above the guideline" range of 20–26 months.

**4.** This does not mean that Edmundson will serve seven years in prison, for the statute provides that he "shall be released on parole" after 56 months unless "he has seriously or frequently violated institution rules and regulations or ... there is a reasonable probability that he will commit any ... crime." 18 U.S.C. § 4206(d).

**5.** *Jones* is clearly consistent with the statute's legislative history. The Conference Report stated that § 4218(d) "reflects the present law with respect to limitations on judicial review of individual parole decisions." H.R.Conf.Rep. No.

As we noted in *Jones,* the Commission's substantive parole decisions are made in the context of numerous procedural mandates contained in the statute and the Commission's implementing regulations. Adopting the Ninth Circuit's approach in *Wallace v. Christensen,* 802 F.2d 1539 (1986) (en banc), *Jones* held that federal courts retain jurisdiction "to review a Commission decision that violates an explicit requirement of the Act or the guidelines, [and] to review whether the Commission violated the Constitution." *Id.* at 1184 n. 15. Although we are inclined to agree with those who predict that the *Wallace* test will prove unworkable, *see* 802 F.2d at 1560–1563 (Kozinski, J., concurring), that is not a problem in this case because Edmundson's arguments are, in any event, without merit.

1. Edmundson is wrong in asserting that the Commission mischaracterized his crime as "sexual exploitation of children." In their pre-hearing assessment, the parole examiners initially fixed Edmundson's offense severity at category five, mistakenly concluding that his crime involved the sexual exploitation of children, as that term is defined for guidelines purposes. 28 C.F.R. § 2.20, Ch. 13, Subch. B, par. 18. After Edmundson pointed out this mistake at the hearing, however, his offense severity was properly reduced to category four, the level for the firearms conviction. Thus, there was no error in determining Edmundson's offense severity category.

■ Edmundson also complains because the Commission justified its guidelines departure by characterizing his crime as a "second sex crime," when it should have recognized that the later offense of being a pornography customer was less serious than his earlier sexual assaults. That issue is clearly beyond our jurisdiction, but we note that the Commission's character-ization was accurate, whereas Edmundson's underlying assertion—that the pornography customer is not engaged in a sex crime—is contrary to congressional intent as well as common sense.

■ 2. The statute provides that the Parole Commission may depart from the guideline range "if it determines there is good cause for so doing," and if the prisoner is furnished written notice containing a statement of reasons for the decision. 18 U.S.C. § 4206(c). Edmundson argues that the Commission violated § 4206(c) when it used his prior conviction both to determine his salient factor score and to justify departing from the guidelines, contrary to dictum in *Briggs,* 736 F.2d at 450,[6] that we followed in *Caporale v. Gasele,* 940 F.2d 305, 307 (8th Cir.1991), a post-*Jones* decision.

It is clear that the Commission did not engage in the double counting condemned in *Briggs.* While the *fact* of Edmundson's prior conviction was used in calculating his salient factor score, it was the *nature* of that conviction—his first sex crime—that was used to justify a departure from the guidelines. This is not double counting under the guidelines. *See Walker v. United States,* 816 F.2d 1313, 1316 (9th Cir. 1987); *Castaldo v. U.S. Parole Comm'n,* 725 F.2d 94, 96 (10th Cir.1984); *Stroud v. U.S. Parole Comm'n,* 668 F.2d 843, 847 (5th Cir.1982).

■ 3. Edmundson's other arguments are clearly without merit. First, he argues that the district court failed to review *de novo* the magistrate judge's report. The district court expressly stated that it made a full review of the files and records in determining that the magistrate judge's findings, conclusions and recommendations were correct. We presume that the review was properly done. Edmundson relies sole-

---

94–838, 94th Cong., 2d Sess. 36, *reprinted in* 1976 U.S.Code Cong. & Admin.News 335, 368. At that time, parole decisions by the Board of Parole under prior law were essentially unreviewable. *See Portley v. Grossman,* 444 U.S. 1311, 100 S.Ct. 714, 62 L.Ed.2d 723 (1980); *Brest v. Ciccone,* 371 F.2d 981, 982–83 (8th Cir.1967).

6. We held in *Briggs* that the Commission violated § 4206(c) by departing from the guidelines without furnishing the prisoner a written statement of reasons, a statutory procedural violation that continues to be judicially reviewable after *Jones.* Here, Edmundson does not claim that the Commission failed to furnish him a written statement of reasons.

ly on the district court's failure to recite that it had conducted *de novo* review. Thus, he has failed to make out a prima facie case of error. *See United States v. Hamell,* 931 F.2d 466, 468 (8th Cir.1991).

■ Second, Edmundson claims that the Commission violated its Rules and Procedures Manual in making its decision to depart from the guidelines. However, we have no jurisdiction to review the Commission's compliance with its own internal rules. *See Caporale,* 940 F.2d at 306 (8th Cir.1991).

For the foregoing reasons, the decision of the district court is affirmed.

HEANEY, Senior Circuit Judge, dissenting.

I respectfully dissent from that portion of the majority's opinion which states that we lack jurisdiction to review the substantive decisions of the Parole Commission. The majority cites *Jones v. United States Bureau of Prisons,* 903 F.2d 1178 (8th Cir.1990), in support of this statement. *Jones* is at odds, however, with prior decisions of this court holding that we review Parole Commission decisions for arbitrariness, capriciousness, or abuse of discretion. *See Blue v. Lacy,* 857 F.2d 479, 480–81 (8th Cir.1988) (per curiam); *White v. United States Parole Comm'n,* 856 F.2d 59, 60 (8th Cir.1988) (per curiam); *Montgomery v. United States Parole Comm'n,* 838 F.2d 299, 301 (8th Cir.1988) (per curiam); *Perry v. United States Parole Comm'n,* 831 F.2d 811, 812 (8th Cir.1987), *cert. denied,* 485 U.S. 963, 108 S.Ct. 1230, 99 L.Ed.2d 429 (1988). We are bound by these decisions until the court en banc holds otherwise, and *Jones,* a decision of a panel of this court, cannot overrule them. *See Wright v. United States Parole Comm'n,* 948 F.2d 433 (8th Cir.1991) (Heaney, J., dissenting).

Contrary to the assertion of the *Jones* panel, 903 F.2d at 1182, the question of the existence of our jurisdiction to review Parole Commission decisions did not remain open at the time *Jones* was decided, but had been implicitly decided each time this court reviewed a Parole Commission decision for abuse of discretion. Accordingly, only the court en banc can determine, contrary to our prior cases, that we lack jurisdiction to review the Parole Commission's substantive decisions. *See Brown v. First Nat'l Bank in Lenox,* 844 F.2d 580, 582 (8th Cir.) ("[O]ne panel of this Court is not at liberty to overrule an opinion filed by another panel. Only the Court en banc may take such a step."), *cert. dismissed,* 487 U.S. 1260, 109 S.Ct. 20, 101 L.Ed.2d 971 (1988). Moreover, where two panel opinions conflict, a subsequent panel must follow the earlier precedent. *See, e.g., Johnson v. Moral,* 843 F.2d 846, 847 (5th Cir. 1988).

As the majority concedes, however, we have jurisdiction to review Edmundson's claim of double counting regardless of whether *Jones'* holding binds this panel. In *Caporale v. Gasele,* 940 F.2d 305 (8th Cir.1991), the court cited *Jones* for the proposition that a "federal court is without jurisdiction to review the substantive decisions of the Parole Commission except when the Commission's actions violate statutory, regulatory, or constitutional provisions." *Id.* at 306 (citing *Jones,* 903 F.2d at 1183–85). The *Caporale* court also recognized that double counting violates the Parole Act, making such claims reviewable even after *Jones.* *Id.* at 307 (citing *Briggs v. United States Parole Comm'n,* 736 F.2d 446, 450 (8th Cir.1984)).

I agree that the parole guidelines consider only the fact, and not the nature of, a prior conviction in computing the salient factor score. The similarity of a prior conviction to the one for which a prisoner is currently incarcerated therefore may constitute good cause for concluding that he is a particularly poor parole risk. *See, e.g., Brach v. Nelson,* 472 F.Supp. 569, 574 (D.Conn.1979). Consideration of the nature of a prior conviction to justify departing from the parole guidelines thus does not constitute double counting.

Although I believe the tangential similarity of Edmundson's sexual molestation conviction to his purchase of child pornography is, at best, marginally adequate to justify the magnitude of the departure in this case, the Commission's decision is not arbi-

trary, capricious, or an abuse of discretion. Accordingly, I concur in the majority's conclusion that Edmundson's double counting claim is without merit.