982 F.2d 526
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Richard Lee SAVINA, Appellant,
v.
Carol Pavilack GETTY, Regional Commissioner, U.S. Parole
Commission, Appellee.
 No. 92-1068.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 13, 1992.
Filed: December 17, 1992.
 
 1
 Before J. GIBSON and MAGILL, Circuit Judges, and BOGUE,* Senior District Judge.
 
 
 2
 BOGUE, Senior District Judge.
 
 
 3
 Richard Lee Savina, a federal prisoner, appeals from a final judgment entered in the District Court[1] for the District of Minnesota, denying his 28 U.S.C. § 2241 petition for a writ of habeas corpus. For the reasons discussed below, we affirm.
 
 
 4
 In September of 1981 Savina was sentenced by a federal court in Maryland to a fifteen year prison term based on various weapons charges. He was paroled in January 1985. In 1987 he was charged with solicitation to maim and conspiracy to maim in a Maryland state court. These charges arose out of the beating and robbery of his former mother in law at her place of employment-a scheme which Savina allegedly engineered. He was initially convicted of solicitation to maim, but acquitted on the conspiracy count. The solicitation conviction was overturned at his sentencing after a key prosecution witness recanted her earlier testimony.
 
 
 5
 Based on the above-referenced matter and other less serious infractions, the Parole Commission revoked Savina's parole after a hearing in January 1988 and ruled that he should serve the remainder of his sentence. The Commission's findings were affirmed by the National Appeals Board.
 
 
 6
 Savina next procured orders of expungement from the Maryland state court relating to records on the conspiracy and solicitation charges. Later in 1989, he filed a habeas corpus petition in a Missouri federal court. The District Court[2] granted his petition in part, ruling that the conspiracy and solicitation charges should not have been considered by the Parole Commission (under 28 C.F.R. § 2.19(c)) in deliberating on his parole revocation. However, the court further ruled that it was proper for the Parole Commission to have considered the alleged assault-even though assault charges were never filed against Savina. Based on the district court's action, the Parole Commission held a second revocation hearing. The notice of hearing specifically noted the assault allegation. Again, the Commission revoked Savina's parole to expiration. The Commission's decision was again affirmed by the National Appeals Board.
 
 
 7
 Savina then filed the instant petition for habeas corpus in a Minnesota federal court, asserting several grounds. The district court denied relief, and he appeals.
 
 
 8
 Savina's primary argument is that the Parole Commission's decision to revoke parole based on the assault of his mother-in-law was vindictive-thus violating his fifth amendment due process right. This argument has its genesis in North Carolina v. Pearce, 395 U.S. 711 (1969), where the Supreme Court held that a judge may not vindictively impose a harsher sentence on retrial after a defendant has successfully appealed his initial conviction. Pearce has been extended to apply also to parole boards-on the rationale that a parole board should not be allowed to impose a harsher sentence the second time around because it is angry that a prisoner successfully appealed its original decision. See Kindred v. Spears, 894 F.2d 1477, 1479 (5th Cir. 1990); Thompson v. Armontrout, 808 F.2d 28 (8th Cir. 1986), cert. denied, 481 U.S. 1059 (1987).
 
 
 9
 The Court in Pearce said that events subsequent to the first trial might be an appropriate reason for a judge to impose a harsher sentence after retrial. Id., 395 U.S. at 723. Savina reads this to say by negative inference that a harsher sentence can only be imposed the second time around if new misconduct occurs between the first and second sentencing actions. Savina argues, correctly, that no further alleged misconduct occurred between the Parole Commission's initial revocation and its second decision. However, he is incorrect in asserting that new misconduct must occur for a harsher sentence to be tolerated. It is possible that there was cumulative information before the Parole Commission (i.e. relating to both solicitation/conspiracy and assault)-either of which considered separately would have given it reason to revoke his parole and extend him to the end of his sentence. The fact that it did not list assault per se as grounds for its initial revocation does not mean that it is foreclosed from considering the underlying conduct.
 
 
 10
 Further, Savina asserts that the assault was known to the Parole Commission when it first revoked his parole, but only brought up as grounds for its revocation during the second proceeding-after it had been directed by the district court not to consider the conspiracy and solicitation matters. This is based on an incorrect assertion that the Commission did not consider the assault charge in its initial deliberation. As noted in the direct proceedings below-as well as the proceedings which resulted in partial reversal of the Commission's initial revocation-the Commission placed great emphasis on the assault charge even at the first revocation. Its failure to list the alleged assault as a basis for its decision is not tantamount to a concession that the assault allegation was of no import to it. Indeed, the allegation of Savina's involvement in the assault arose from the same occurrence which formed the basis for the solicitation/conspiracy charges; so clearly it was a concern to the Commission. Thus, no vindictiveness can be inferred from the fact that the Commission only later listed the assault directly as a reason for its decision.
 
 
 11
 Even if some vindictiveness could be gleaned from the scenario above, Savina would not get the benefit of a presumption of vindictiveness. To establish a presumption of vindictiveness which would support a finding that due process rights have been violated, one must show that: 1) the initial sentence was reversed by a higher tribunal; and 2) a harsher sentence was imposed the second time around. Kindred, 894 F.2d at 1479. Here the first prong is met; however Savina has not established that he received a harsher sentence after his second appearance before the Parole Commission.[3] Both times, the Commission ruled that he should serve the remainder of his term. While there may be circumstances which give rise to the presumption of vindictiveness notwithstanding the lack of a harsher sentence (as noted by the Kindred court), no such circumstances exist here.
 
 
 12
 Because the presumption of vindictiveness cannot be applied to this case, Savina's allegation that he was victimized by a vindictive tribunal must fail. His next attack is a tenth amendment claim, based on the Parole Commission's reliance on an incident whose records were expunged from the state's files. We need not reach the federalism issue implicated here, because the Commission did not rely on the expunged records. Expungement of a set of records relating to an incident does not necessarily mean that the incident must be erased from the memories of those with knowledge of it. The Commission relied on collateral sources (i.e. information from its own investigators), and not the expunged records for the information which led to its revocation of Savina's parole.
 
 
 13
 Savina's parting shot is an argument that a due process violation can be read into the Parole Commission's violation of its own regulations. We do not agree that such a violation occurred. Here some deference needs to be shown to the commission's application of its rules. 28 C.F.R. § 2.19(c) says that the commission may rely on information such as that at issue here if it "represents the explanation of the facts that best accords with reason and probability." The Commission has broad discretion regarding what information it may use in its deliberations. It may consider "dismissed counts of indictments, hearsay evidence, and allegations of criminal activity for which the prisoner has not even been charged." Maddox v. U.S. Parole Comm'n, 821 F.2d 997, 999 (8th Cir. 1987). Clearly the commission was in a better position than this court to assess the evidence before it, in light of the web of allegations and recantations which appears in the record.[4] We have no jurisdiction to review the commission's substantive decisions unless their actions "violate statutory, regulatory, or constitutional provisions." Caporale v. Gasele, 940 F.2d 305, 306 (8th Cir. 1991). Here no such violation appears-rather the Commission acted within the proper range of its discretion.
 
 
 14
 Based on the foregoing, we affirm the judgment of the district court denying habeas relief.
 
 
 
 *
 The Hon. Andrew W. Bogue, Senior United States District Judge for the District of South Dakota, sitting by designation
 
 
 [1]
 The Honorable Diana E. Murphy, Judge, United States District Court for the District of Minnesota. Judge Murphy's order of denial followed a recommendation made by Honorable Franklin L. Noel, United States Magistrate Judge, United States District Court for the District of Minnesota. The reasons for dismissal are spelled out in Judge Noel's recommendation
 
 
 [2]
 The Honorable William R. Collinson, Senior District Judge, United States District Court for the Western District of Missouri. Judge Collinson's opinion was based largely on a recommendation by the Honorable Franklin L. Noel, United States Magistrate Judge
 
 
 [3]
 It should be noted that the "harsher sentence" requirement is not an absolute. There may be circumstances where the presumption of vindictiveness does not arise even though a harsher sentence is imposed after successful appeal. See Alabama v. Smith, 490 U.S. 794 (1989)
 
 
 [4]
 Savina has moved to expand the record under Fed. R. App. P. 10(e) by adding a new statement from a witness. This statement was not a part of the record that was considered below. The cases cited in support of the motion for expansion of the record deal with the addition of transcripts and documents from related actions-not completely new evidence such as this. This Court adheres to the rule that new evidence which was not presented to the trial court should not be added to the record on appeal. See Hill v. Trustees of Indiana Univ., 537 F.2d 248, 251 n.2 (7th Cir. 1976). Therefore, the motion for expansion of the record is denied