# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-3377
_____

Nathaniel Green

*Petitioner - Appellant*

v.

Juan D. Castillo; United States Parole Commission

*Respondents - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: September 24, 2015
Filed: December 3, 2015
[Published]

_____

Before MURPHY, MELLOY, and SMITH, Circuit Judges.

_____

MELLOY, Circuit Judge.

Federal inmate Nathaniel Green appeals the district court's[1] denial of his 28
U.S.C. § 2241 petition challenging the United States Parole Commission's (the

_____

[1] The Honorable Ortrie D. Smith, United States District Judge for the Western
District of Missouri.

"Commission") denial of early release pursuant to 18 U.S.C. § 4206(d). We affirm the judgment of the district court.

In 1980, at age twenty-four, Nathaniel Green kidnaped a seventeen-year-old woman and stabbed her seventeen times. One stab wound fatally severed her jugular vein. Green transported her across state lines and stripped her clothes from her body. He fled, but was captured, tried, and convicted of kidnaping in violation of 18 U.S.C. § 1201(a)(1). In 1981, he was sentenced to 100 years' imprisonment.

The Parole Commission and Reorganization Act of 1976, Public Law 94-233, 90 Statutes 219, codified in part at 18 U.S.C. §§ 4201–18 (the "Act"), provides, among other things, for the release of federal prisoners who serve thirty years of a sentence greater than forty-five years. See 18 U.S.C. § 4206(d) ("shall be released on parole after . . . serving thirty years of each consecutive term . . ."). Congress repealed the Act effective 1987, but expressly left its provisions intact for prisoners to whom it previously had applied, presumably to give wide berth to potential *ex post facto* concerns. See Sentencing Reform Act of 1984, § 4, 99 Stat. 1728 (1985); Jones v. U.S. Bureau of Prisons, 903 F.2d 1178, 1179 n.2 (8th Cir. 1990). Green was convicted and sentenced in a window of years that allow him to continue to enjoy the benefits of the Act.

Although § 4206(d) employs the term "shall" and generally sets a default rule requiring early release, § 4206(d) also provides "[t]hat the Commission shall not release such prisoner if it determines that he has seriously or frequently violated institution rules and regulations or that there is a reasonable probability that he will commit any Federal, State, or local crime." Section 4207 lists information the Commission "shall consider, if available and relevant" and concludes with a broad catchall: "There shall also be taken into consideration such additional relevant information concerning the prisoner (including information submitted by the prisoner) as may be reasonably available." 18 U.S.C. § 4207.

In a series of periodic mandatory hearings, in other hearings Green requested, in rehearings, and through an administrative appeal process, the Commission determined Green was likely to commit crimes if released, and therefore, could not be released. In particular, the Commission concluded: Green's underlying offense was particularly violent; he had prior, similar uncharged conduct that demonstrated a propensity towards violence; he still did not accept full responsibility for his actions; he did not demonstrate remorse; and he did not explain the circumstances of his offense in a credible manner.

Green then filed the present habeas petition in the district court. There exists no genuine and material dispute in this case regarding the fact that Green received ample process through hearings and reconsiderations of his attempts to obtain release. The dispute centers on whether the Commission exceeded the scope of its statutory authority by considering impermissible factors.[2]

The district court denied the petition, holding: (1) it lacked jurisdiction to review the Commission's substantive decision; and (2) in the alternative, to the extent Green raised a procedural challenge alleging the Commission exceeded its statutory authority by considering impermissible factors, Green's argument failed—the court found all factors considered by the Commission permissible. We review de novo the district court's denial of a § 2241 petition.

Prior to 1990, our Court repeatedly reviewed Commission parole decisions under a highly deferential abuse of discretion standard, Jones, 903 F.2d at 1182

---

[2]Green argued below that he was denied notice that certain materials would be considered and denied access to materials necessary to prepare for one of his hearings. The materials at issue, however, were discussed at repeated hearings, and Green received repeated opportunities to address the materials. To the extent this issue may be properly before our court, we conclude any underlying procedural error was harmless.

(collecting cases), affirming unless the decisions "were arbitrary or capricious or constituted an abuse of discretion, or were otherwise not in accordance with law," id. at 1182 n.13. We exercised jurisdiction without expressly discussing the existence of jurisdiction to permit such review. Id. at 1182. Then, in Jones, we joined several other circuits in holding 18 U.S.C. § 4218(b) expressly reserved the grant or denial of parole to the unreviewable discretion of the Commission such that we lacked jurisdiction to address the Commission's substantive decisions. See id. at 1183. We distinguished our earlier cases based on the absence of discussion of the jurisdictional issue.[3]

Pursuant to Jones, courts may not review the Commission's actual substantive decisions; rather, review is limited to whether the Board acted within the constraints of its statutory and constitutional authority. Langella v. Anderson, 612 F.3d 938, 940 (8th Cir. 2010); Edmundson v. Turner, 954 F.2d 510, 512–13 (8th Cir. 1992); Jones, 903 F.2d at 1184 (limiting review to the questions of whether the Commission "exceeded the scope of its discretion, violated the Constitution, or reached decisions so arbitrary and capricious as to amount to a violation of due process"). Here, the Commission addressed the details of Green's personal history, criminal history,

---

[3]At least one dissenting judge on our court believed this distinction did not suffice and Jones is not good law because, notwithstanding the absence of discussion, the earlier panels had, in fact, exercised jurisdiction. See Edmundson v. Turner, 954 F.2d 510, 514 (8th Cir. 1992) (Heaney, J., dissenting). Our court subsequently and repeatedly applied Jones during the years in which the law of our circuit allowed panels to choose between competing lines of authority in the face of an intra-circuit split. See, e.g., Langella v. Anderson, 612 F.3d 938, 940 (8th Cir. 2010). We then ruled in Mader v. United States, 654 F.3d 794, 800 (8th Cir. 2011) (en banc), that panels may not chose between competing intra-circuit precedent and must adhere to the law as set forth in the earliest panel opinion. To the extent that the distinction articulated in Jones does not suffice, and to the extent review is permitted under the pre-Jones standard, we find nothing arbitrary and capricious in the Commission's ruling in this case.

credibility, and acceptance of responsibility and remorse. This decision-making process necessarily involved examination of the particular factual nuances of Green's past and demeanor en route to assessing his likelihood to commit future crimes.

Green argues specifically that the Commission impermissibly considered a 1975 assault with a knife for which he was not prosecuted. He also argues the Commission impermissibly considered his purported failure to accept responsibility for his offense. Finally, he argues the Commission's determinations lack supporting evidence.

We conclude the Commission's broad inquiry did not involve the impermissible consideration of matters outside the scope of the Commission's authority. The Commission was free to assess Green's acceptance of responsibility based on the ample record and to consider his prior, similar uncharged conduct (described in his pre-sentence investigation report) as evidence relevant to his risk of recidivism. As we described in Jones, to articulate a question subject to review by the courts, a prisoner must, "demonstrate that the Commission's decisions involve a plain violation of a matter which does not admit of discretion and choice." 903 F.2d at 1184. No such violation exists in this case.

We affirm the judgment of the district court.

_____