# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1545
_____

Jonathan David Loggins

*Plaintiff - Appellant*

v.

Ronny Albert; Chris Bunge, Corporal; Alisha Ettesvold; Sam Ockert; Kyle Daniels

*Defendants - Appellees*
_____

Appeal from United States District Court
for the District of North Dakota - Eastern
_____

Submitted: November 14, 2024
Filed: December 11, 2024
[Unpublished]
_____

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Jonathan Loggins appeals the district court's[1] adverse grant of summary judgment in his pro se 42 U.S.C. § 1983 action alleging that defendants used excessive force against him shortly after he was booked into the Cass County Jail. Upon careful de novo review, we affirm. *See Drew v. City of Des Moines*, 111 F.4th 881, 884 (8th Cir. 2024) (standard of review). We agree with the district court that the takedown and handcuffing by Officers Albert, Bunge, and Ockert was objectively reasonable, and that Loggins did not show that Officers Daniels and Ettesvold used any force against him. *See Parrish v. Dingman*, 912 F.3d 464, 468 (8th Cir. 2019) (finding the officer's actions in pushing the detainee against wall and leveraging him to the floor were objectively reasonable, as: force was justified based on a reasonable belief that the detainee was trying to leave the cell or passively resisting, the officer was forced to make a split-second judgment due to the detainee's sudden movement, and the takedown was proportionate to the need for force and complied with jail policy); *Chambers v. Pennycook*, 641 F.3d 898, 904 (8th Cir. 2011) (reiterating that a plaintiff alleging excessive force must present sufficient facts to show an officer's conduct violated a constitutional right). Accordingly, all officers are entitled to qualified immunity on the claims related to the takedown and handcuffing of Loggins, Albert and Bunge are entitled to qualified immunity on the claims related to their use of a prone restraint, and Daniels and Ettesvold are entitled to qualified immunity on the claims related to their failure to intervene. *See Chambers*, 641 F.3d at 904 ("Qualified immunity shields a government official from liability and the burdens of litigation in a § 1983 action for damages unless the official's conduct violated a clearly established constitutional or statutory right of which a reasonable official would have known.").

---

[1]The Honorable Peter D. Welte, Chief Judge, United States District Court for the District of North Dakota, adopting the report and recommendations of the Honorable Alice R. Senechal, United States Magistrate Judge for the District of North Dakota.

We next address the excessive force claim against Bunge related to his wrist-lock maneuver against Loggins. The magistrate judge recommended denying summary judgment for Bunge on this claim, reasoning that genuine questions of material fact existed regarding whether and how many times a wrist-lock maneuver was used, whether Loggins was resisting arrest when Bunge applied the wrist-lock maneuver, and whether the wrist-lock maneuver caused Loggins's left wrist injury. The magistrate judge noted, however, that dismissal of that claim would be appropriate if the district court concluded that the claim was not sufficiently pled. The district court correctly concluded that the wrist-lock claim was not pled in the complaint—Loggins mentioned it for the first time in his deposition—and accordingly granted summary judgment to Bunge. Further, dismissal is appropriate because Loggins has not moved to amend his complaint under Federal Rule of Civil Procedure 15(b) to include his wrist-lock claim. *See Brand v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 934 F.3d 799, 804 (8th Cir. 2019) ("While the district court may have authority to [amend a complaint sua sponte], it has no obligation, absent a request" from the litigant.).

Finally, the district court judge conducted the proper de novo review of the magistrate judge's report and recommendations, *see Edmundson v. Turner*, 954 F.2d 510, 513 (8th Cir. 1992); and did not plainly err in failing to recuse sua sponte, *see Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 663 (8th Cir. 2003).

The judgment is affirmed. *See* 8th Cir. R. 47B. We deny Loggins's pending motions.

_____